OPINION OF THE COURT
Per Curiam.
Judgment entered January 26, 1984 reversed, without costs, and judgment directed in favor of plaintiff in the sum of $1,500.
The facts are fully set forth in the reported opinion below (122 Misc 2d 702). The issue presented (which we have previously considered) is whether the board of directors of the defendant cooperative corporation acted within its authority when it imposed a transfer fee (in the amount of 1% of the sale price) upon the transfer of the shares allocated to plaintiff’s apartment to a third party. We adhere to the view that where both the cooperative’s bylaws and the proprietary lease provide with respect to the transfer of shares only that the board of directors may fix reasonable fees to cover legal and other expenses incident to an assignment, and no mention is made of a transfer tax or assessment, the imposition of such a tax does not come within the authority delegated to the board and amounts to a material *59 modification of the proprietary lease which may not be effected absent shareholder approval (McIntyre v Royal Summit Owners, 126 Misc 2d 930, and cases cited therein). Inasmuch as defendant’s attorney conceded on the record that the cooperative’s transfer tax was not implemented pursuant to shareholder vote or ratified by the shareholders, plaintiff is entitled to the return of the fee which defendant exacted.
Hughes, J. P., Sandifer and Parness, JJ., concur.