■ MARIA MEICHSNER, Appellant, v VALENTINE GARDENS COOPERATIVE, INC., Respondent.—In an action for reimbursement of a waiver of option fee imposed by the defendant upon

the plaintiff in connection with the transfer of shares of cooperative housing stock, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Palella, J.), entered August 27, 1986, as, upon granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The imposition of a waiver of option fee upon outgoing shareholders who wish to sell their shares on the open market rather than resell them to the cooperative corporation at book value, as their agreement provided, is a valid exercise of a cooperative board's power as granted both by statute, the corporation's bylaws, and as interpreted in case law *(see, Jamil v Southridge Coop.,* 102 Misc 2d 404, *affd* 77 AD2d 822, *cert denied* 450 US 919, *reh denied* 450 US 1050; *Pomerantz v Clearview Gardens First Through Sixth Corps.,* 77 AD2d 651; Business Corporation Law § 701).

The waiver of option fee was applied in a evenly proportioned fashion and thus does not violate the mandate of Business Corporation Law § 501 (c) that each share of stock be equal to every other share in the class *(see, Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556, 569). *Fe Bland v Two Trees Mgt. Co. (supra)* may be read to permit the imposition of a "flip tax" that is neither prohibited by a corporation's bylaws nor the proprietary lease, nor violative of the proportionality requirements as mandated by Business Corporation Law § 501 (c).

In any event, the Legislature, in response to doubt generated by the decision in *Fe Bland v Two Trees Mgt. Co. (supra),* amended Business Corporation Law § 501 (c), effective July 24, 1986, to authorize an exception to the statutory per share proportionality requirements in residential cooperative corporations to permit unequal charges, provided that the transfer fee has been validly adopted pursuant to the terms of the offering plan, proprietary lease and bylaws, considered in conjunction with each other *(see, Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32 [in which the court upheld retroactive application of the amendment]).

Moreover, in the case at bar, neither the bylaws nor the proprietary lease contains the limiting language adverted to in *Fe Bland v Two Trees Mgt. Co. (supra).* Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.