■ DORA AMER, Appellant, v BAY TERRACE COOPERATIVE SECTION II, INC., et al., Respondents.—In an action for reimbursement of a waiver of option fee imposed by the defendant Bay Terrace Cooperative Section II, Inc. upon the plaintiff in connection with the transfer of shares of her cooperative apartment, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated March 16, 1987, which granted the defendants' motion for summary judgment dismissing the complaint, denied the plaintiff's cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, formerly a shareholder in the defendant Bay Terrace Cooperative Section II, Inc. contends, *inter alia,* that the imposition of a 40% waiver of option fee upon the sale of her shares in the cooperative—as authorized by a 1970 amendment to the bylaws—contravenes Business Corporation Law § 501 (c), inasmuch as the fee schedule contained in the subject bylaw provision sanctions the assessment of unequal fees in respect to holders of the same class of stock. We disagree.

Contrary to the plaintiff's contentions, the disparity in the

waiver of option fee is not violative of Business Corporation Law § 501 (c). Notably, Business Corporation Law § 501 (c) has been recently amended, effective July 24, 1986, "to authorize an exception to the statutory per share proportionality requirements in residential cooperative corporations to permit unequal charges, provided that the transfer fee has been validly adopted pursuant to the terms of the offering plan, proprietary lease and bylaws, considered in conjunction with each other" *(Meichsner v Valentine Gardens Coop.,* 137 AD2d 797, 798; *Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32, 35-36, *appeal dismissed* 71 NY2d 964). The retroactive application of the foregoing amendment has been recently upheld *(see, Meichsner v Valentine Gardens Coop., supra; Mogulescu v 255 W. 98th St. Owners Corp., supra).* When construed in light of the foregoing, and considering the operative documents "in conjunction with each other" *(Meichsner v Valentine Gardens Coop., supra,* at 798), we conclude that the amendment adding the waiver of option fee—which the plaintiff agreed to abide by pursuant to section 14 of the proprietary lease—comports with the mandate of Business Corporation Law § 501 (c) and thus represents a permissible exercise of the authority of the board of directors of the cooperative corporation *(cf., Meichsner v Valentine Gardens Coop., supra).* We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.