(March 6, 1989)

■ PATRICIA BADOWSKI, as Executrix of ALFRED WEISSMANN, Deceased, Appellant, v ROOSEVELT TERRACE COOPERATIVE, INC., Respondent.—In an action for the return of a waiver of option fee imposed by the defendant corporation in connection with the transfer of shares of cooperative housing stock, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Leviss, J), entered March 24, 1988, as granted the defendant's motion for summary judgment, dismissing the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is the executrix of the estate of Alfred Weissmann. Weissmann was the owner of 89 shares of stock in the defendant, Roosevelt Terrace Cooperative, Inc., and was given the right of occupancy to apartment 9A, at the premises located at 35-50 85th Street, Jackson Heights, New York. Upon Weissmann's death, the plaintiff informed the defendant corporation of her intent to sell the premises. Although pursuant to its bylaws, the corporation had an option to purchase the premises at book value, it notified the plaintiff that it would waive this option in consideration of the plaintiff transferring to it 25% of the difference between the purchase and the sale price. The plaintiff thereafter signed a document in which she agreed to pay the aforementioned waiver of option fee. After paying the fee, the plaintiff initiated this action seeking to recover it asserting that the defendant corporation did not have the authority to impose such a fee.

It is well settled that the imposition of a waiver of option fee upon outgoing shareholders who wish to sell their shares on the open market, rather than resell them to the cooperative corporation at book value, is a valid exercise of a cooperative board's power as granted by statute and the corporate bylaws, and as interpreted by case law (Meichsner v Valentine Gardens Coop., 137 AD2d 797; Jamil v Southridge Coop., 102 Misc 2d 404, affd 77 AD2d 822, cert denied, 450 US 919, reh denied 450 US 1050; Pomerantz v Clearview Gardens First Through Sixth Corps., 77 AD2d 651; Business Corporation Law § 701).

In light of the foregoing authority, together with the fact that the plaintiff has not pointed to any facts which demonstrate that the defendant corporation acted in excess of its

authority, we find that summary judgment was properly granted in favor of the defendant. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.