■ ESTHER REISCH, Respondent, v GREENWOOD ARMS COOPERATIVE CORP., Appellant.—In an action for reimbursement of a waiver of option fee imposed by the defendant upon the plaintiff in connection with the transfer of shares of cooperative housing stock, the defendant appeals from an order of the Supreme Court, Queens County (Cooperman, J.), dated June 9, 1987, which denied its motion to vacate a judgment of the same court (Hyman, J.), dated December 24, 1986, in favor of the plaintiff and against it upon its default in appearing and answering.

Ordered that the order is affirmed, with costs.

Where a party which has not been personally served with a summons and complaint timely moves to vacate a default judgment pursuant to CPLR 317, all that need be shown is the existence of a meritorious defense *(see, e.g., Abrahams v Peddlers Pond Holding Corp.,* 125 AD2d 355). In entertaining a motion to vacate a default judgment, a court should focus on whether the defendant has "a reasonable position on the merits and is not just wasting the court's time" *(see, e.g.,* Siegel, NY Prac § 108, at 135). Thus, our inquiry is limited to whether or not the defendant has asserted a meritorious defense to the complaint in this action. We conclude that it has not.

Here, the plaintiff sought to move from her current apartment to a smaller one in the same building. To accomplish this she elected to sell the 683 shares of stock she held in the defendant cooperative corporation to a third party and to

purchase 343 shares from the estate of a deceased shareholder. Upon the sale of the 683 shares, the defendant exacted a transfer fee, which it called a waiver of option fee, of $6 per share from the plaintiff. The defendant charged the plaintiff a transfer fee of $12 per share for the acquisition of the 343 shares.

The plaintiff sought to recover these fees, claiming that they were imposed in violation of Business Corporation Law § 501 (c), which provides: "(c) Subject to the designations, relative rights, preferences and limitations applicable to separate series, each share shall be equal to every other share of the same class. With respect to corporations owning or leasing residential premises and operating the same on a cooperative basis, however, provided that maintenance charges, general assessments pursuant to a proprietary lease, and voting, liquidation or other distribution rights are substantially equal per share, shares of the same class shall not be considered unequal because of variations in fees or charges payable to the corporation upon sale or transfer of shares and appurtenant proprietary leases that are provided for in proprietary leases, occupancy agreements or offering plans or properly approved amendments to the foregoing instruments". In interpreting the clause "shares of the same class shall not be considered unequal because of variations in fees or charges payable to the corporation upon sale or transfer of shares", this court has recently held that a cooperative corporation may levy unequal transfer fees, provided that the fee has been validly adopted pursuant to the terms of the offering plan, proprietary lease, bylaws or amendments thereto when considered in conjunction with each other (see, Amer v Bay Terrace Coop. Section II, 142 AD2d 704; see also, Meichsner v Valentine Gardens Coop., 137 AD2d 797). At bar, this indisputably unequal charge was provided for only in a resolution of the board of directors. That resolution, adopted by the defendant cooperative corporation in 1970, provided: "The Board of Directors of Greenwood Arms, Inc., Howard Beach, New York 11414, has the right to raise or lower the waiver of option fee (the dollar amount for each share of stock for the total amount of shares in any cooperator's apartment). (This fee is to be paid to said cooperative no later than at the official sale of the apartment). This waiver of option fee to be dictated by the financial condition of Greenwood Arms, Inc., Howard Beach, New York 11414".

While this resolution clearly permitted the board of directors to raise or lower the waiver of option fee, it did not empower the board to impose disparate fees as it attempted to

do here *(cf., Amer v Bay Terrace Coop. Section II, supra; Meichsner v Valentine Gardens Coop., supra).* Accordingly, the defendant has failed to set forth a meritorious defense warranting vacatur of the default.

We have considered the defendant's remaining contentions and find them to be either not properly before this court *(see, Lister Elec. v Incorporated Vil. of Cedarhurst,* 108 AD2d 731; *Schoonmaker v State of New York,* 94 AD2d 741), or without merit. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.