OPINION OF THE COURT
Arnold N. Price, J.
In this action to foreclose a security interest consisting of a proprietary lease and shares of stock representing the ownership of a cooperative apartment, plaintiff moves for summary judgment dismissing the answer and counterclaim of defendant Union Gardens Cooperative Section I Inc. (hereinafter the cooperative corporation) and for the appointment of a Referee to compute the amount due on the underlying promissory note.
There is no dispute that the debtors, defendants Linda and Kenneth Carr, are in default of their secured obligations to plaintiff. Plaintiff also concedes the priority of the lien of the cooperative corporation for charges due pursuant to the occupancy agreement entered into with the debtors. The sole issue raised is whether plaintiff, as a second creditor, is subject to the purchase option provisions of the cooperative corporation’s bylaws and occupancy agreements which permit the transfer of shares only upon a waiver by the cooperative corporation of its option to purchase the shares at book value. In its counterclaim, the cooperative corporation seeks a declaration that plaintiff, in enforcing its security interest, must either accept the book value of $4,726.27 for the shares allocated to the debtors’ apartment in satisfaction of its security interest, or pay a waiver of option fee to the cooperative corporation in the amount of $7,500 so as to permit a sale to third parties.
Restrictions on the transfer of a proprietary lease and stock as contained in a cooperative corporation’s bylaws and occupancy agreement are enforceable. "It is well settled that the imposition of a waiver of option fee upon outgoing shareholders who wish to sell their shares on the open market, rather than resell them to the cooperative corporation at book value, is a valid exercise of a cooperative board’s power as granted by statute and the corporate bylaws, and as interpreted by case law.” (Badowski v Roosevelt Terrace Coop., 148 AD2d 406.) At the time of the loan transaction and the creation of the security interest the secured party entered into a recognition agreement with the cooperative corporation. (See *334 generally, Leeds and Reis, New Standard Form Agreement for Cooperative Apartment Loans, NYLJ, May 17, 1994, at 1, col 1.) The secured party acknowledged in the recognition agreement the restrictions on transfer of the stock and proprietary lease by the following: "Notwithstanding any apparent authority granted to us under agreements with the Lessee, we shall HAVE NO RIGHT OR POWER TO TRANSFER THE APARTMENT UPON FORECLOSURE OR OTHERWISE EITHER TO US OR ANYONE ELSE WITHOUT YOUR APPROVAL AS REQUIRED BY THE LEASE provided, however, that nothing contained herein shall limit any rights we may have to dispossess the Lessee pursuant to law or realize upon our security in accordance herewith.” (Emphasis in the original.) Plaintiff’s security interest is, therefore, subject to the option rights of the cooperative corporation (see, Bergman v Linden Hill No. 2 Coop. Corp., Sup Ct, Queens County, June 2, 1989, Graci, J., index No. 7451/89, affd 176 AD2d 303 for reasons stated below) and, in enforcing its security interest, may transfer to a purchaser no more than the debtor’s rights in the collateral. (UCC 9-504 [4].)
Plaintiff’s security, the shares of stock and proprietary lease herein, constitute personalty, not realty. (Matter of State Tax Commn. v Shor, 43 NY2d 151.) The governing procedure for the enforcement of a security interest is article 9 of the Uniform Commercial Code rather than the procedure for the foreclosure of a mortgage on real property as provided by RPAPL article 13. (Fundex Capital Corp. v Reichard, 172 AD2d 420.) In view of the foregoing, that branch of plaintiff’s motion for the appointment of a Referee to ascertain and compute the amount due on the promissory note (RPAPL 1321) shall be deemed an application for a Referee to hear and report. (CPLR 4311, 4320.)
Accordingly, the motion is granted to the extent that summary judgment is awarded plaintiff enforcing its security interest subject to the priority of the cooperative corporation’s lien for maintenance charges and subject to the restrictions on transfer as contained in the cooperative corporation’s bylaws and occupancy agreement. The order to be entered hereon shall provide for the appointment of a Referee to hear and report the amount due plaintiff on the promissory note.