■ JENNIFER SCHNUPP et al., Appellants, v RANDY CAPIZZI et al., Respondents. [707 NYS2d 677] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered April 2, 1999, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

On April 4, 1997, the injured plaintiff Jennifer Schnupp attended a dance at the gymnasium of Sagamore Junior High

School in Holtsville. A fellow student, the defendant Randy Capizzi, stepped backward, tripped, and made contact with the injured plaintiff's left knee. Capizzi and the injured plaintiff both fell to the floor. The plaintiffs commenced this action, alleging, *inter alia*, negligence.

In support of their motion for summary judgment, the defendants submitted admissible evidence that the act of Randy Capizzi in stepping backward was not inherently dangerous (*see, Beaver v Batrouny,* 71 AD2d 821; *Carillo v Kreckel,* 43 AD2d 499). The plaintiffs' speculative and unsubstantiated assertions to the contrary were insufficient to avoid summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiffs argue for the first time on appeal that the doctrine of res ipsa loquitur applies to this case, precluding an award of summary judgment. This Court will not consider that issue, as proof might have been offered to refute or overcome the application of the doctrine had it been presented to the court of first instance (*see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.