■ Paul Zilberfein et al., Respondents-Appellants, v Palmer Terrace Cooperative, Inc., Appellant-Respondent. [796 NYS2d 115]—

In an action, inter alia, for reimbursement of a flip tax, also called a "waiver of option fee," imposed by the defendant upon the plaintiffs in connection with the transfer of shares in the defendant's cooperative corporation and for the entry of a judgment declaring that the flip tax or "waiver of option fee" imposed was invalid, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (LaCava, J.), entered April 16, 2004, as granted that branch of the plaintiffs' motion which was for summary judgment declaring that the "waiver of option fee" imposed was invalid, declared that "all resolutions passed by the Board of Directors of [the defendant] which impose disparate waiver of option fees are deemed null, void, and invalid," and denied those branches of its motion which were for summary judgment on its counterclaims and, in effect, for summary judgment declaring that the "waiver of option fee" imposed was valid, and the plaintiffs cross-appeal from so much of the same order and judgment as, in effect, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action for reimbursement of the "waiver of option fee" and denied that branch of their motion which was for summary judgment on that cause of action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provisions thereof granting that branch of the plaintiffs' motion which was for summary judgment declaring that the "waiver of option fee" imposed was invalid, denying that branch of the defendant's motion which was, in effect, for summary judgment declaring that the "waiver of option fee" imposed was valid, and declaring that "all resolutions passed by the Board of Directors of [the defendant] which impose disparate waiver of option fees are deemed null, void, and invalid," and substituting therefor provisions denying that branch of the plaintiffs' motion, granting that branch of the defendant's motion, and declaring that the "waiver of option fee" imposed was valid and (2) deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment on its counterclaim for an award of an attorney's fee and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant, and the matter is remitted to Supreme Court, Westchester County, for a hearing to determine the amount of the award of an attorney's fee.

The plaintiffs seek, inter alia, reimbursement of a flip tax or "waiver of option fee" (hereinafter the waiver of option fee) they paid to the defendant cooperative (hereinafter the cooperative or corporation), under protest, in connection with the 1998 sale of their shares in the cooperative to a third party. According to the plaintiffs, the fee structure imposed, purportedly pursuant to the cooperative's bylaws and by resolution of its Board of Directors, inter alia, violated Business Corporation Law § 501 (c), in that it provided for unequal transfer fees without authorization therefor in the applicable proprietary lease/occupancy agreement.

The waiver of option fee was imposed by the corporation upon cooperative residents, such as the plaintiffs, who wished to sell their cooperative shares on the open market. Before the corporation's imposition of this fee, the corporation had imposed restrictions on the sale of cooperative shares pursuant to which it had an option to redeem the shares of any cooperative shareholder wishing to sell its shares at par value ($5 per share).

The corporation asserted lack of personal jurisdiction as an affirmative defense, alleging, inter alia, that the action was not properly commenced in accordance with statutory requirements. It also asserted, among other things, a counterclaim to recover damages in the amount of $44,200 alleging, inter alia, that the plaintiffs, by commencing this action, elected to transfer the subject shares to the corporation for par value ($5 per share). As such, the corporation maintained that the plaintiffs elected to forgo their right to obtain a waiver of its rights to purchase the subject shares.

The corporation established its entitlement to judgment as a matter of law by demonstrating that it properly exercised its authority to impose the waiver of option fee, as such fee was validly adopted pursuant to the amended bylaws and the proprietary lease/occupancy agreement, when considered in conjunction with each other (see Business Corporation Law § 501 [c]; *Amer v Bay Terrace Coop. Section II*, 142 AD2d 704, 705 [1988]; *Meichsner v Valentine Gardens Coop.*, 137 AD2d 797, 798 [1988]; *cf. Reisch v Greenwood Arms Coop. Corp.*, 153 AD2d 844, 845 [1989]). Therefore, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for summary judgment declaring that the waiver of option fee imposed was invalid, and in denying that branch of the corporation's motion which was, in effect, for summary judgment declaring that the fee was valid.

The plaintiffs were not entitled to reimbursement of the waiver of option fee since the corporation was authorized to

impose it (*cf. Nantista v 130 W. 86 Apts. Corp.*, 130 Misc 2d 635 [1985]; *Berglund v 411 E. 57th Corp.*, 127 Misc 2d 58 [1985], *affd* 118 AD2d 431 [1986]; *McIntyre v Royal Summit Owners*, 126 Misc 2d 930 [1984]). Therefore, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the cause of action for reimbursement of the waiver of option fee, and properly, in effect, granted that branch of the corporation's motion which was for summary judgment dismissing that cause of action.

The Supreme Court also properly denied that branch of the corporation's motion which was for summary judgment on its counterclaim to recover damages in the amount of $44,200. The evidence demonstrated that the corporation approved the sale of the subject shares and did not exercise its option to purchase the shares at par value. In addition, the plaintiffs paid the waiver of option fee, under protest, reserved all future rights, and then commenced this action, inter alia, for reimbursement. As the evidence established that the plaintiffs paid the waiver of option fee under protest, and that the corporation approved the sale of the subject shares and did not exercise its option to purchase the shares at par value, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the corporation's counterclaim to recover damages in the amount of $44,200. The Supreme Court also properly dismissed the corporation's affirmative defense, as the Supreme Court obtained personal jurisdiction over the corporation.

However, the Supreme Court erred in denying that branch of the corporation's motion which was for summary judgment on its counterclaim for an award of an attorney's fee. The subject proprietary lease/occupancy agreement expressly provided for the payment of reasonable attorney's fees in the event that the corporation was compelled to retain the services of an attorney, inter alia, to enforce the terms of that agreement, or to defend it. Inasmuch as the corporation was required to retain the services of an attorney to defend this action, the corporation was entitled to recover an award of an attorney's fee pursuant to the express terms of the proprietary lease/occupancy agreement. Thus, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine the amount of the award of an attorney's fee. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.