■ In the Matter of the Estate of HERMAN COHN, Deceased. HERBIL HOLDING Co. et al., Respondents; G.K.B. ENTERPRISES, LLC, et al., Appellants. [849 NYS2d 271]—

In an action, inter alia, for an accounting and to recover damages for breach of fiduciary duty, which was transferred from the Supreme Court, Nassau County, to the Surrogate's Court, Nassau County, the defendants G.K.B. Enterprises, LLC, Saal Corp., C.D. Holding, Co., and Gladys Bletter, individually and doing business as GB Enterprises, appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated June 13, 2006, as, after a hearing on damages, is in favor of the plaintiff Herbil Holding Co., and against the defendant Gladys Bletter in the principal sums set forth in the first decretal paragraph, subparagraphs 11, 12, 13, 15, 17, 18, 19 and 21 through 25, and in favor of the plaintiff William S. Cohn and against the defendant Gladys Bletter in the principal sum of $60,463.42.

Ordered that the appeals by the defendants G.K.B. Enterprises, LLC, Saal Corp., and C.D. Holding Co. are dismissed, as they are not aggrieved by the decree (*see* CPLR 5511); and it is further,

Ordered that the decree is affirmed insofar as appealed from by Gladys Bletter, individually and doing business as GB Enterprises; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the appellant Gladys Bletter, individually and doing business as GB Enterprises.

In 1999 the plaintiffs Herbil Holding Co. (hereinafter Herbil), William S. Cohn (hereinafter Cohn), and Constance Klein Ecker, as executrix of the estate of Herman Cohn, commenced the present action in the Supreme Court, Nassau County, against Gladys Bletter (hereinafter Bletter) and three business entities owned or controlled by her. In essence, the plaintiffs sought an accounting and damages for breach of fiduciary duty in connection with a series of joint ventures that were formed to purchase real property tax liens in Nassau County.

In 2000 the action was removed to the Surrogate's Court,

Nassau County, because it affected the administration of the decedent's estate. In January 2004 the Surrogate's Court struck the defendants' answer for the willful failure to comply with the plaintiffs' discovery demands. On a prior appeal, this Court affirmed that order (see Matter of Cohn, 15 AD3d 655 [2005]). The present appeal is from so much of the decree dated June 13, 2006, as, after a hearing on the issue of damages, is in favor of Herbil and Cohn and against Bletter, awarding certain sums to Herbil and Cohn.

Since Bletter did not object to the appraiser's testimony or his appraisal reports, she failed to preserve the valuation issues for appellate review. An appellate court should not, and will not, consider different legal theories or new questions of fact, if proof might have been offered to refute or overcome them had they been presented in the court of first instance (see Schnupp v Capizzi, 272 AD2d 464, 465 [2000]; Gross v Aetna Cas. & Sur. Co., 240 AD2d 468, 469 [1997]; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561 [1986]).

Moreover, since Bletter did not respond to five notices to admit, the facts set forth in those notices are deemed to be true for the purpose of this appeal (see CPLR 3123 [b]; Carlson v Travelers Ins. Co., 35 AD2d 351, 353 [1970]). Those facts establish that Bletter breached her fiduciary duties to Herbil by, inter alia, failing to account for and distribute certain income, and failing to allow third parties to acquire certain properties (see Schantz v Oakman, 163 NY 148 [1900]).

In addition, the Surrogate's Court providently exercised its discretion by allowing the plaintiffs to amend their pleadings to conform to the proof of damages adduced at the hearing (see CPLR 3025 [c]). Contrary to Bletter's contention, there was no prejudice or unfair surprise because the notices to admit and the pretrial statement of issues afforded her ample notice of the damages claims, and she failed to show that the amendments hindered the preparation of her case or prevented her from taking any measures in support of her position (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]; Schonfeld v Brody, 220 AD2d 572 [1995]).

Bletter's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and McCarthy, JJ., concur.