■ 715 OCEAN PARKWAY OWNERS CORPORATION, Appellant-Respondent, v BARUCH A. KLAGSBRUN, Respondent-Appellant. [905 NYS2d 630]—

In an action, inter alia, to recover damages for breach of proprietary leases, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Balter, J.), dated May 28, 2008, as, after a nonjury trial, denied its motion for an award of an attorney's fee, costs, and disbursements, and the defendant cross-appeals, as limited by his brief, from so much of the same order, and judgment as is in favor of the plaintiff and against him terminating his proprietary leases and awarding possession of the subject premises to the plaintiff.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, and the plaintiff's motion for an award of an attorney's fee, costs, and disbursements is granted to the extent that the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of the award of an attorney's fee, costs, and disbursements; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff is a cooperative corporation that owns a residen-

tial apartment building in which the defendant's decedent held the proprietary leases to two units. After a nonjury trial, the Supreme Court determined that the decedent, in contravention of the proprietary leases, commenced alterations in his units without the consent of the plaintiff's board of directors and, as a result, that the plaintiff properly terminated the decedent's proprietary leases and was entitled to immediate possession of the premises. However, the Supreme Court denied the plaintiff's motion for an award of an attorney's fee, costs, and disbursements incurred in the prosecution of this action pursuant to the terms of the proprietary leases. The plaintiff appeals from so much of the order and judgment as denied its motion for an award of an attorney's fee, costs, and disbursements, and the defendant cross-appeals from the remainder of the order and judgment.

The subject proprietary leases provided for the payment of the expense incurred by the plaintiff, including a reasonable attorney's fee, costs, and disbursements, in the event that the plaintiff was compelled to retain the services of an attorney, inter alia, to institute an action to enforce the terms of the leases against the defaulting lessee (*see LeVine v Catskill Regional Off-Track Betting Corp.*, 57 AD3d 624 [2008]). Here, inasmuch as the plaintiff was required to retain the services of an attorney to institute this action in order to enforce its rights under the proprietary leases, the plaintiff was entitled, pursuant to the terms of the proprietary leases, to recover an award of an attorney's fee, costs, and disbursements, for the expense it incurred in instituting and prosecuting this action (*see Singh v Atakhanian*, 31 AD3d 425, 427 [2006]; *Zilberfein v Palmer Terrace Coop., Inc.*, 18 AD3d 742, 745 [2005]; *487 Elmwood v Hassett*, 161 AD2d 1171 [1990]). Thus, the Supreme Court should have granted the plaintiff's motion, and we remit the matter to the Supreme Court, Kings County, for a hearing to determine the amount of the award of the attorney's fee, costs, and disbursements.

Moreover, contrary to the defendant's contentions on his cross appeal, the Supreme Court properly permitted the plaintiff, at trial, to conform the pleadings to the proof to seek termination of the proprietary leases and an award to the plaintiff of possession of the subject units. An application pursuant to CPLR 3025 (c) to amend the pleadings is addressed to the sound discretion of the court, and where no prejudice is shown, the amendment may be allowed during trial (*see Murray v City of New York*, 43 NY2d 400, 404-405 [1977]). "Prejudice, of course, is not found in the mere exposure of the defendant to greater liability"

(*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). Here, the defendant failed to demonstrate that he was hindered in the preparation of his case or was prevented from taking some measure in support of his position (*id.*; *Matter of Cohn*, 46 AD3d 680, 681 [2007]). The plaintiff served two 30-day notices to cure and subsequent notices of termination of the subject proprietary leases upon the decedent, and those documents were admitted into evidence without objection after the plaintiff made clear its intention to conform the pleadings to the proof. Based upon the foregoing, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's application to conform the pleadings to the proof (*see Matter of Cohn*, 46 AD3d at 681).

The defendant's remaining contentions are without merit (*see Capogrosso v Reade Broadways Assoc.*, 63 AD3d 414 [2009]; *Mintz & Gold, LLP v Hart*, 48 AD3d 526 [2008]).

Motion by the appellant-respondent to strike part I of the respondent-appellant's reply brief on an appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated May 28, 2008. By decision and order on motion of this Court dated May 13, 2010 [2010 NY Slip Op 71460(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is granted, and part I of the respondent-appellant's reply brief is stricken and has not been considered in the determination of the appeal and cross appeal. Covello, J.P., Angiolillo, Dickerson and Sgroi, JJ., concur.