■ In the Matter of GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Petitioner, v. BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, Respondent.— Determination of respondent Superintendent of Insurance, dated May 9, 1972, finding petitioner to have violated section 27 of the Insurance Law and directing payment of a fine of $500, unanimously modified, in the exercise of discretion, to reduce the fine to $100, and otherwise confirmed, without costs and without disbursements. The record justifies the finding of petitioner's noncompliance with the new procedures required by the statute but does not persuade us that such failure to comply timely and precisely occurred by reason of bad faith. It appears rather that petitioner dragged its feet in compliance, protesting overmuch and overlong the difficulties attendant upon strict adherence to the new requirements that certain information be furnished. The fact that other insurance companies were let off with no more than a warning is not an indication of an arbitrary exercise of discretion. However, in the circumstances found here, we are of opinion that no more than a token fine should have been levied against petitioner. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.

■ LEROY A. SALAHUDDIN, Appellant, v. CHARLES BENJAMIN, Respondent. — Order, Supreme Court, New York County, entered December 8, 1972, unanimously modified, on the law, to reinstate the complaint, and otherwise affirmed, without costs and without disbursements. Plaintiff sues for a commission allegedly earned by obtaining a purchaser for certain real property. The complaint was dismissed on the ground that the agreement for brokerage commissions was not in writing. As the complaint alleges that plaintiff was a licensed real estate broker, no written agreement is required (General Obligations Law, § 5–701, subd. 10; Lane-Real Estate v. Lawlet Corp., 28 N Y 2d 36). The vacating of the lis pendens was proper (CPLR 6501; Kauffman v. Simis, 156 App. Div. 208). It appears that the amount in controversy is within the statutory jurisdiction of the Civil Court and, absent any jurisdictional bar, the case might well be remanded to that court for disposition. Concur — Nunez, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.