■ THEOCLIS SIMITHIS, Respondent, v 4 KEYS LEASING & MAINTENANCE COMPANY, Appellant, et al., Defendants. In the Matter of THEOCLIS SIMITHIS, Respondent, v 4 KEYS LEASING & MAINTENANCE COMPANY, Appellant, et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on December 2, 1988, unanimously modified, on the law, solely to the extent of granting appellant 4 Keys Leasing & Maintenance Company's motion for summary judgment on its counterclaim for legal fees pursuant to the lease, and otherwise affirmed, with costs and disbursements payable to appellant.

Plaintiff Theoclis Simithis, the owner of an adult entertainment store, entered into a lease with Coast Holding Corporation, the prior landlord. The lease provided in paragraph 38

that if the building was sold, the lease would be terminated and plaintiff tenant would vacate on 30 days' notice. Another clause, paragraph 18, allowed the landlord to recover expenses it incurred for legal costs and attorneys' fees. Thereafter, the building was sold to 691 Eighth Ave. Corporation (691), a respondent in the CPLR article 78 proceeding, and the lease assigned to defendant 4 Keys Leasing and Maintenance Company (4 Keys). When plaintiff failed to leave the premises, 4 Keys began a holdover summary dispossess proceeding in Civil Court and, after trial, was awarded a final judgment of possession. The Civil Court specifically found that the sale of the building was bona fide and not a fraud. The Appellate Term affirmed that judgment and we denied plaintiff's application for leave to appeal to this court.

Plaintiff then obtained a stay of eviction, alleging that he had just discovered 4 Keys was not a corporation. The Civil Court denied the motion to vacate the order of eviction. Thereafter, in multiple applications, motions, proceedings and actions in the Civil Court, Appellate Term, Appellate Division, the Federal District Court in the Southern District and the Federal Court of Appeals for the Second Circuit, the plaintiff tenant, among other things, sought and received many stays of eviction.

The cases considered herein include an article 78 proceeding (index No. 26941/87) commenced by the tenant against Judge Berger of the Civil Court, and others, alleging that he had exceeded his jurisdiction and seeking to vacate the judgment of possession. In addition, an action in the Supreme Court (index No. 22191/87) was begun by the tenant against Robert J. Barsch, a city Marshal, 4 Keys and its individual partners alleging, *inter alia,* that 4 Keys does not exist as a corporate entity and should not have been awarded a judgment of possession. 4 Keys and the related defendants moved to dismiss both the article 78 proceeding and the action for damages, on the grounds of res judicata, and sought summary judgment on their counterclaims for abuse of process and legal fees. The Supreme Court granted that branch of the motion seeking dismissal of both the article 78 proceeding and the tenant's action for damages on the ground of res judicata, but denied defendants-respondents' motion for summary judgment on their counterclaims for abuse of process and legal fees.

The tenant Simithis has not appealed the dismissal of the complaint and article 78 petition. However, defendant 4 Keys does appeal from the denial of its motion for summary judg-

ment on its counterclaim for attorneys' fees and abuse of process.

The nisi prius court was correct in denying summary judgment on the abuse of process claim. However, while the court gave as its reason the fact that the counterclaim did not include a pleading of actual or special damages, denial of summary judgment was mandated in any event. The key to this tort is not impropriety in obtaining the process, but rather impropriety in using it (see, Curiano v Suozzi, 63 NY2d 113, 116; Marks v Marks, 113 AD2d 744, 745). Thus, the essential elements of abuse of process are the intent to do harm without economic or social justification and use of the process in a perverted manner to obtain a collateral objective (Curiano v Suozzi, supra, at 116, citing Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 403).

While the tenant asserted a minimally credible argument for alleging that each of his applications for a stay was for relief not previously sought, in view of the subtleties in these applications, defendants upon this motion did not show that the repeated use of the State and Federal process was accompanied by a wrongful motive to obtain a collateral advantage outside of the valid purpose for which the process was issued, and without an economic justification.

The IAS court, however, incorrectly denied that portion of defendant's motion seeking summary judgment as to attorneys' fees.

Since a landlord may not split causes of action by bringing a holdover petition and thereafter bring a separate action for attorneys' fees due under the lease (see, 930 Fifth Corp. v King, 42 NY2d 886), the court validly expressed its concern as to whether or not the holdover petition contained such a demand for attorneys' fees. While it noted that the petition was not before it, the court did refer to the language of the lease, and both the lease and the holdover petition were submitted as part of the same document. Consequently, the holdover petition, which does seek attorneys' fees, was before the IAS court. (Parenthetically, no challenge has been raised to the standing of defendant 4 Keys in the place of the landlord.)

The IAS court found that the language of the lease providing for recovery of "such expenses as Landlord may incur for legal expenses, attorneys' fees" raised an issue of fact as to whether or not attorneys' fees expended on these matters, not on the actual dispossess proceeding, were also within its

ambit. However, the lease provision for attorneys' fees is unambiguous, and by its terms must be applied to cover the other litigation brought by the tenant to avoid eviction, in violation of his covenant in the lease at paragraph 38 to vacate on 30 days' notice upon sale of the building. Thus, to the extent that the tenant failed to surrender the premises upon the expiration of the 30-day period and initiated litigation to remain in possession, he was in breach of the lease and the provision for "legal expenses [and] attorneys' fees" was triggered (see, Cier Indus. Co. v Hessen, 136 AD2d 145, 147-148).

Further, there was no challenge by the plaintiff to the reasonableness of the amount sought by defendant for such legal expenses and attorneys' fees in his opposition to the motion. Since these fees and costs were set forth with great specificity and were uncontroverted, they are deemed to be admitted (see, Kuehne & Nagel v Baiden, 36 NY2d 539, 544). Concur—Kupferman, J. P., Carro, Asch and Rubin, JJ.