■ UGO PICCIRILLO, Appellant, v RICHARD RAVENAL et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 21, 1989, which canceled the notice of pendency filed by plaintiff on December 13, 1988 and directed a hearing with respect to the amount of damages sustained by defendants due to the filing of the notice of pendency, is unanimously affirmed, with costs.

CPLR 6501 expressly authorizes the filing of a notice of pendency in those actions in which the judgment demanded would affect the title to, or the possession, use, or enjoyment of real property. The drastic impact of a notice of pendency

requires a strict application of CPLR 6501 (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313). "Thus, a court is not to investigate the underlying transaction in determining whether a complaint comes within the scope of CPLR 6501. Instead, in accordance with historical practice, the court's analysis is to be limited to the pleading's face." (*Supra*, at 321.) A review of the complaint demonstrates that the action does not directly affect the title to real property, but instead involves a shareholder's rights in a corporation whose sole asset is the property described in the notice of pendency. Accordingly, the filing of the notice of pendency was improper and the IAS court correctly canceled it (*supra*). Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.