■ CHATANOW ASSOCIATES, INC., Appellant, v 527 MDN PROPERTY, INC., Respondent.—Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered April 12, 1989, which granted defendant's motion for summary judgment on its counterclaims, dismissed plaintiff's affirmative defenses, and referred the issue of defendant's damages, including legal fees, to a Special Referee to hear and report, unanimously affirmed, without costs.

Plaintiff challenges defendant's entitlement to attorney's fees. In view of the reentry by the landlord, and the failure of plaintiff to vacate as required by the terms of the lease, defendant was entitled to recover as damages its legal expenses, including attorney's fees. Paragraph 19 of the lease provides, in relevant part, that should the tenant "default in the observance or performance of any term or covenant", then the landlord may "perform the obligation of the tenant thereunder", and recover as damages "in connection therewith * * * any obligations for the payment of money, including but not limited to attorney's fees, in instituting, prosecuting or defending any action or proceeding". We have previously held similar language to give rise to an entitlement to attorney's fees *(Cier Indus. Co. v Hessen,* 136 AD2d 145; *compare, Hall & Co. v Orient Overseas Assocs.,* 84 AD2d 338, *affd on opn of Ross, J.,* 56 NY2d 965). Further, on the facts of this case, attorney's fees may be awarded for defense of the prior actions *(Simithis v 4 Keys Leasing & Maintenance Co.,* 151 AD2d 339). Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.