FRANK LIVIGNE et al., Appellants-Respondents, v D'AGOSTINO SUPERMARKETS, INC., Respondent-Appellant. (And a Third-Party Action.) [734 NYS2d 589] —In an action to recover damages for breach of a commercial lease, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 22, 1999, as granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action to recover, *inter alia*, an award of an attorney's fee under the lease and made conclusions of law on the issue of damages, and the defendant cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action and on its counterclaim, with leave to renew after service of an amended answer.

Ordered that the appeal from so much of the order as made conclusions of law on the issue of damages is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from so much of the order as made conclusions of law on the issue of damages must be dismissed, as conclusions of law are not independently appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628).

The Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action and on its counterclaim, with leave to renew after service of an amended answer. Due to changed circumstances necessitating the service of an amended complaint and an amended answer, the Supreme Court properly declined to determine those branches of the motion on the merits.

The Supreme Court erred, however, in granting that branch of the defendant's motion which was for summary judgment

dismissing the third cause of action to recover, *inter alia*, an award of an attorney's fee under the lease. The lease provided that the plaintiffs would be entitled to recover expenses and any legal fees incurred if the defendant did not pay its rent, or if it defaulted in performing an obligation under the lease and the plaintiffs performed it themselves. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether they incurred expenses in cleaning the building before it was surrendered by the defendant. Furthermore, the plaintiffs raised a triable issue of fact as to whether the defendant's alleged breach of its obligation to repair the building caused them to suffer damages. Therefore, that branch of the motion which was for summary judgment dismissing the third cause of action must be denied (*see, Chatanow Assocs. v 527 MDN Prop.,* 161 AD2d 258; *Cier Indus. Co. v Hessen,* 136 AD2d 145). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.