■ EAST COAST PETROLEUM COMPANY et al., Appellants, v BANK OF NEW YORK TRUST COMPANY (CAYMAN) et al., Respondents. [782 NYS2d 715]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 1, 2003, which granted defendants' motion to dismiss the complaint with leave to plaintiff to replead two of the causes of action, unanimously affirmed, with costs.

The causes of action for breach of contract, tortious interference with contract and breach of fiduciary duty related to banking services provided by defendant Bank of New York (BNY) were properly dismissed. The relationship between plaintiffs and defendant Bank of New York Trust Company (BNY Trust) was governed by a corporate services agreement, pursuant to which plaintiff East Coast had been created and incorporated. BNY Trust agreed therein to provide administrative and operational services, and either party could terminate that agreement on 30 days' written notice. East Coast's banking relationship with BNY, on the other hand, was pursuant to BNY's own rules and regulations, including a provision that BNY was authorized to close East Coast's account "at any time."

Defendants' documentary evidence refuted the allegations in

the amended complaint that they had breached contractual obligations to plaintiffs by making an unauthorized transfer of funds in connection with the closing of bank accounts maintained by East Coast, failing to give plaintiffs advance notice of the closing of the accounts, and paying East Coast by a check which, as a practical matter, could not be negotiated. All of plaintiffs' challenges to the conclusiveness of defendants' documentary evidence were contradicted by unambiguous contractual provisions, and were summarily rejected (CPLR 3211 [a] [1]; *see Uribe v Merchants Bank of N.Y.,* 91 NY2d 336 [1998]). Since BNY Trust played no role in performing banking services for East Coast, plaintiffs' breach of contract claim against BNY Trust for the unauthorized wire transfer of funds and a related tortious-interference-with-contract claim against BNY and defendant Renyi were properly dismissed (CPLR 3211 [a] [7]).

Also properly dismissed, without prejudice, was the breach-of-fiduciary-duty claim against all defendants, insofar as predicated on allegations concerning the provision of banking services (*see Walts v First Union Mtge. Corp.,* 259 AD2d 322 [1999], *lv dismissed* 94 NY2d 795 [1999]). Plaintiffs were granted leave to replead this claim, since sufficient facts were alleged that they had a fiduciary relationship with BNY Trust under the corporate services agreement, and that BNY Trust's failure to act on plaintiffs' behalf in relation to management decisions constituted an alleged breach. Furthermore, BNY and Renyi could also be held liable for BNY Trust's breach of fiduciary duty on allegations that they knowingly participated in such breach (*see Fallon v Wall St. Clearing Co.,* 182 AD2d 245 [1992]). Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.