■ Nina Penina, Inc., Respondent, v Chief I.O. Njoku, Appellant. [816 NYS2d 451]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 25, 2005, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's claim for specific performance and to cancel a notice of pendency, unanimously affirmed, with costs.

Defendant's motion to dismiss the claim for specific performance was properly denied, but not for the reasons stated by the motion court. Several conflicting provisions render the contract terms ambiguous with regard to the best efforts defendant seller was to utilize to cure a use restriction on the property. Rather than simply rejecting both parties' interpretation of the language of the contract, the motion court should have resorted to parol evidence to determine the intent of the parties. Specifically, the court should have examined the circumstances existing when the contract was entered into, the situation of the parties, and the subject matter of the instrument in

order to clear up any ambiguities as to the meaning of best efforts (*Korff v Corbett*, 18 AD3d 248, 251 [2005]). This contract cannot be properly interpreted, under the circumstances, without entertaining parol evidence.

The court properly denied that portion of defendant's motion seeking to cancel the notice of pendency, since the instant action directly affects title to real property (*see* CPLR 6501; *Piccirillo v Ravenal*, 161 AD2d 253 [1990], *lv dismissed* 76 NY2d 935 [1990]). Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.