■ WIDEWATERS PROPERTY DEVELOPMENT COMPANY, INC., et al., Respondents, v ARTHUR H. KATZ et al., Appellants. (Appeal No. 1.) [836 NYS2d 746]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 7, 2005. The order, insofar as appealed from, denied in part defendants' motion for, inter alia, dismissal of the amended complaint or, alternatively, for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion insofar as it sought dismissal of paragraph 23 of the first cause of action and dismissing that paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendants breached the "Stipulation and Agreement of Settlement" (settlement agreement) relating to the remediation of certain real property with residual soil and groundwater contamination. Defendants moved for dismissal of the amended complaint pursuant to CPLR 3211 (a) (1) or, alternatively, for summary judgment dismissing the amended complaint, and they sought attorneys' fees and costs. By the order in appeal No. 1, Supreme Court granted the motion only in part by, inter alia, dismissing the first cause of action in part and refusing to dismiss the third cause of action or to award attorneys' fees or costs. Plaintiffs subsequently moved for summary judgment dismissing the counterclaims and, by the order in appeal No. 2, the court denied the motion. Defendants appeal from the order in appeal No. 1, and plaintiffs appeal from the order in appeal No. 2.

With respect to the order in appeal No. 1, we conclude that the court properly denied defendants' motion insofar as it sought dismissal of paragraphs 19 through 22 of the first cause of action pursuant to CPLR 3211 (a) (1) or, in the alternative, sought summary judgment dismissing those paragraphs. Plaintiffs essentially allege therein that defendants failed to use their "best efforts to implement and complete" the remediation plan. Although defendants were required pursuant to the settlement agreement to use their "best efforts," that term is not defined in the settlement agreement and defendants did not otherwise establish the meaning of that term in support of their motion. We thus conclude on the record before us that defendants did not establish their entitlement to dismissal of those paragraphs based on a defense founded on documentary evidence, pursuant to CPLR 3211 (a) (1). Nor are defendants entitled to summary judgment dismissing those paragraphs. The determination whether the "obligation [to use 'best ef-

forts'] has been fulfilled will almost invariably, as here, involve a[n issue] of fact," rendering summary judgment inappropriate (*Kroboth v Brent*, 215 AD2d 813, 814 [1995]). The court erred, however, in denying defendants' motion insofar as it sought dismissal of paragraph 23 of the first cause of action, which was withdrawn by plaintiffs' counsel before argument of defendants' motion. We therefore modify the order in appeal No. 1 accordingly.

We further conclude that the court properly refused to dismiss the third cause of action, seeking a declaration of the parties' rights and obligations under the settlement agreement. According to defendants, that cause of action is premature because the field activities necessary to determine their obligations have not been completed. Contrary to defendants' contention, however, a "justiciable controversy" exists to the extent that plaintiffs seek a declaration concerning defendants' obligations under the settlement agreement with respect to completing an operation, maintenance and monitoring plan (CPLR 3001; *see generally Ramunno v Skydeck Corp.*, 30 AD3d 1074 [2006]).

Also contrary to the contention of defendants, the court properly denied that part of their motion for attorneys' fees. " 'In New York the general rule is that each litigant is required to absorb the cost of his own attorney's fees . . . in the absence of a contractual or statutory liability' " (*Umfrey v NeMoyer*, 184 AD2d 1047, 1048 [1992]). Defendants do not rely on any statutory basis for their request, and the settlement agreement does not warrant the imposition of liability for attorneys' fees incurred by defendants at this juncture in the litigation. Pursuant to the settlement agreement, attorneys' fees "shall be recoverable by Sellers[, i.e., defendants,] or Plaintiffs . . . to the extent such party prevails on the merits with regard to any litigation arising from or related to this Settlement Agreement." Because the court dismissed only a portion of the amended complaint and the litigation remains ongoing, it cannot be said that defendants have prevailed on the merits.

Finally, with respect to the order in appeal No. 2, we conclude that the court erred in denying that part of plaintiffs' motion for summary judgment dismissing the first counterclaim, for tortious interference with contract. "[O]nly a stranger to a contract, such as a third party, can be liable for tortious interference with a contract," and here plaintiffs are parties to the settlement agreement (*Koret, Inc. v Christian Dior, S.A.*, 161 AD2d 156, 157 [1990], *lv denied* 76 NY2d 714 [1990]; *see Winicki v City of Olean*, 203 AD2d 893, 894 [1994]). We therefore modify the order in appeal No. 2 accordingly. Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.