(March 25, 2008)

ADAM D. ADAMS, Respondent, v WASHINGTON GROUP, LLC, et al., Appellants. [855 NYS2d 569]—

On June 2, 1998 the plaintiff (hereinafter the tenant) entered into a three-year lease for commercial space in a building owned by the defendants Washington Group, LLC, and 30 Main, LLC, and managed by the defendant Two Trees Management Co., LLC (hereinafter collectively referred to as the landlord). The lease was extended several times by written lease amendments, with the last extension ending on December 15, 2004. The tenant failed to vacate the premises and commenced an action against the landlord seeking, inter alia, damages for the landlord's breach of its alleged oral promise to extend the lease. The landlord moved for summary judgment dismissing the complaint, which was granted. Thereafter, the landlord moved for an order fixing costs, expenses, and an attorney's fee, on the basis that its successful defense of the tenant's action entitled it to an attorney's fee pursuant to article 19 of the lease. The court denied the landlord's motion, determining that article 19 was not applicable.

Generally, "an attorney's fee and other expenses incurred in prosecuting an action are considered an incident of litigation and, unless authorized by statute, court rule, or written agreement of the parties, are not recoverable" (*Panish v Panish,* 24 AD3d 642, 643-644 [2005]; *see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]; *Widewaters Prop. Dev. Co., Inc. v Katz,* 38 AD3d 1220 [2007]; *Dupuis v 424 E. 77th Owners Corp.,* 32 AD3d 720 [2006]; *St. George Tower & Grill Owners Corp. v Honig,* 232 AD2d 475, 476 [1996]). Even though the lawsuit was dismissed, we agree with the Supreme Court that the lease between the parties did not provide for the recovery of an attorney's fee in this situation. Article 19 of the lease only permitted the landlord to recover an attorney's fee for the tenant's default in the payment of rent or in connection with its performance of the tenant's obligations under the lease, neither of which occurred here (*see Duane Reade v Highpoint Assoc. IX, LLC,* 36 AD3d 496, 497 [2007]; *Livigne v D'Agostino Supermar-*

*kets,* 289 AD2d 302, 303 [2001]). Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.