■ CONSTANTINOS SIAMOS et al., Appellants, v 36-02 35TH AVENUE DEVELOPMENT, LLC, Respondent. [864 NYS2d 117]—

In an action, inter alia, for a judgment declaring that the plaintiffs are not in violation of the terms of a lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated December 20, 2007, as, upon reargument, granted that branch of the defendant's motion which was for an award of an attorney's fee, which originally had been denied in an order of the same court dated November 1, 2007.

Ordered that the order dated December 20, 2007 is reversed insofar as appealed from, on the law, with costs, and upon reargument, so much of the order dated November 1, 2007 as denied that branch of the defendant's motion which was for an award of an attorney's fee is adhered to.

Pursuant to a lease dated July 7, 2005 the plaintiffs leased the subject premises from the defendant to operate a restaurant therein. In 2007 the defendant served notices to cure upon the plaintiffs alleging breaches of the lease, prompting the plaintiffs' commencement of this action and successful application for a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]). Upon the defendant's motion, inter alia, for an award of an attorney's fee, the Supreme Court initially determined, among other things, that no attorney's fee could be awarded, but, in the order appealed from, upon granting reargument, ruled that the defendant was entitled to such a fee while the matter was still sub judice. We reverse the order insofar as appealed from.

Attorneys' fees and disbursements are incidents of litigation which the prevailing party may not collect from the loser unless such an award is authorized by agreement between the parties, by statute, or by court rule (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC,* 3 NY3d 592, 597-598 [2004]; *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]; *Mighty*

*Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]; *RAD Ventures Corp. v Artukmac*, 31 AD3d 412, 414 [2006]; *Levine v Infidelity, Inc.*, 2 AD3d 691, 692 [2003]). Here, although the lease provides for the award of an attorney's fee, the award was premature, as the prevailing party in this ongoing action has yet to be determined (*see Matter of Duell v Condon*, 84 NY2d 773, 780 [1995]; *Miller Realty Assoc. v Amendola*, 51 AD3d 987 [2008]).

The plaintiffs' remaining contention is without merit. Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.