■ HOMESPRING, LLC, Doing Business as HOMESPRING REALTY, Appellant, v HYUNG YOUNG LEE et al., Respondents, et al., Defendant. [866 NYS2d 212]—

In an action, inter alia, to recover damages for breach of a real estate brokerage contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated August 20, 2007, as granted that branch of the motion of the defendants Hyung Young Lee, Kent Group, LLC, Galaxy Group USA, Inc., 38 Parsons, LLC, and Edmund Li which was to cancel a notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Hyung Young Lee (hereinafter Lee) allegedly was a managing member and in control of the defendant Kent Group, LLC (hereinafter Kent). In 2005 Lee, on behalf of Kent, entered into a real estate brokerage contract which provided that "Purchaser shall pay a Buyers commission" to the plaintiff

in the sum of $185,000 upon the purchase of two vacant parcels of real estate located in Queens County (hereinafter the property). Another company allegedly controlled by Lee, the defendant Galaxy Group, USA, Inc. (hereinafter Galaxy), entered into the contract to purchase the property, which listed the plaintiff as the buyer's broker. Immediately following the closing of the property for a purchase price of more than $6 million, Galaxy conveyed the parcel to another entity, the defendant 38 Parsons, LLC (hereinafter 38 Parsons).

Despite requests for payment, Lee, Kent, and Galaxy failed to pay the commission, prompting the plaintiff to commence this action, inter alia, to recover damages for the breach of the real estate brokerage contract, contemporaneously filing therewith a notice of pendency against the property. Lee, Kent, Galaxy, 38 Parsons, and the defendant Edmund Li moved pursuant to CPLR 3211 to dismiss the third and fourth causes of action insofar as asserted against them and to cancel the notice of pendency. The Supreme Court denied that branch of the motion which was to dismiss, but granted that branch of the motion which was to cancel the notice of pendency. We affirm insofar as appealed from.

The Supreme Court properly canceled the notice of pendency filed by the plaintiff in connection with the recovery of its commission for completed brokerage services, as this lawsuit does not "affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501; see Shkolnik v Krutoy, 32 AD3d 536, 537 [2006]; Distinctive Custom Homes Bldg. Corp. v Esteves, 12 AD3d 559 [2004]; Interior Design Force v Dorfman, 151 AD2d 461, 462 [1989]). Although the plaintiff interposed additional causes of action in its complaint, including a fraudulent conveyance claim, the gravamen of this action, unlike the sui generis facts of Ford Motor Credit Co. v Shayovitz (36 AD3d 754 [2007]), is the recovery of the plaintiff's brokerage commission, either under a contract or quantum meruit basis, the recovery of which is regulated by Real Property Law § 294-b.

Were we to expand the right to file a notice of pendency in this case, this Court would be sanctioning the plaintiff's attempt to circumvent the restrictions imposed on real estate brokers to secure their commissions embodied in Real Property Law § 294-b (see Talk of the Millenium Realty Inc. v Sierra, 12 Misc 3d 1153[A], 2006 NY Slip Op 50885[U] [2006]). Moreover, the protective procedures of CPLR 6501 governing the filing of notices of pendency in only those cases affecting title to real property (see Da Silva v Musso, 76 NY2d 436, 443 [1990]; Nina Penina, Inc. v Njoku, 30 AD3d 193, 194 [2006]), would be es-

sentially eviscerated. Accordingly, the plaintiff's notice of pendency was properly cancelled. Mastro, J.P., Balkin and Leventhal, JJ., concur.

Spolzino, J. (dissenting and voting to reverse the order insofar as appealed from, on the law, and deny that branch of the respondents' motion which was to cancel the notice of pendency, with the following memorandum): The issue here is not whether we should expand the right to file a notice of pendency. We have no authority to do so even if we were so inclined. The issue is whether the plaintiff's claim falls within the class of claims for which such a provisional remedy is available pursuant to CPLR 6501. Because I believe that it is, I dissent, respectfully.

This is an action to recover money damages for breach of a real estate brokerage contract. Ordinarily, the interim relief provided by a notice of pendency is not available in such an action because it is an action for money damages, not one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property" (CPLR 6501; see Salahuddin v Benjamin, 42 AD2d 522 [1973]). Here, however, the complaint alleges that shortly after the closing of title, the property that was the subject of the alleged brokerage contract was conveyed for no consideration by the client-purchaser, the defendant Galaxy Group USA, Inc. (hereinafter Galaxy), to the defendant 38 Parsons, LLC (hereinafter 38 Parsons). Based on this fact, and the alleged insolvency of Galaxy as a result of the conveyance, the complaint asserts a fraudulent conveyance claim against 38 Parsons. Since the conveyance to 38 Parsons could be set aside if that claim were to be sustained (see Debtor and Creditor Law §§ 278, 279), a notice of pendency may be filed in such an action (see Ford Motor Credit Co. v Shayovitz, 36 AD3d 754 [2007]; Resnick v Doukas, 261 AD2d 375, 376 [1999]). In my view, therefore, that branch of the motion which was to cancel the notice of pendency should have been denied.