■ TARA KHANAL, Respondent, v DAVE SHELDON, Also Known as DAVID SHELDON, et al., Appellants, et al., Defendant. [867 NYS2d 460]—

In an action to recover a down payment pursuant to a contract for the purchase of real property, the defendants Dave Sheldon, also known as David Sheldon, and Darren K. Kearns appeal (1) as limited by their brief, from so much of an order of the

Supreme Court, Queens County (Hart, J.), dated September 19, 2007, as denied their motion to dismiss the action insofar as asserted against them and to cancel the notice of pendency filed by the plaintiff, and granted that branch of the plaintiff's unopposed cross motion which was for summary judgment in lieu of complaint and (2), by permission, from an order of the same court dated October 25, 2007, which granted the plaintiff leave to enter a money judgment in favor of her and against them in the principal sum of $86,456.74.

Ordered that the appeal from so much of the order dated September 19, 2007, as granted that branch of the plaintiff's unopposed cross motion which was for summary judgment in lieu of complaint is dismissed, as the appellants are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order dated September 19, 2007 is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Dave Sheldon, also known as David Sheldon, and Darren K. Kearns which were to cancel the notice of pendency filed by the plaintiff, and to dismiss the action insofar as asserted against the defendant Darren K. Kearns, and substituting therefor a provision granting those branches of the motion; as so modified, the order dated September 19, 2007 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated October 25, 2007 is modified, on the law, (1) by deleting the provision thereof granting leave to enter judgment against the defendant Darren K. Kearns, and (2) by reducing the amount of the judgment to be entered against the defendant Dave Sheldon, also known as David Sheldon, from the principal sum of $86,456.74 to the principal sum of $50,000; as so modified, the order dated October 25, 2007 is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover a down payment pursuant to a contract for the purchase of real property. The plaintiff filed a notice of pendency on the property, and the defendants Dave Sheldon, also known as David Sheldon, and Darren K. Kearns (hereinafter the defendants) moved to dismiss the complaint and cancel the notice of pendency. The plaintiff cross-moved, inter alia, for summary judgment in lieu of complaint.

The court denied that branch of the defendants' motion which was to cancel the notice of pendency, finding that because the defendants had sold the property, they were not an aggrieved party. CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original par-

ties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." This statute has been applied throughout the course of an action, including appeals (*see Udell v Haas*, 20 NY2d 862 [1967]; *Buywise Holding, LLC v Harris*, 31 AD3d 681 [2006]; *Froehlich v Town of Huntington*, 159 AD2d 606 [1990]). Here, the Supreme Court did not direct that the new purchasers of the subject property be substituted or joined in the action, and therefore the defendants remain proper parties to the action. Accordingly, that branch of the defendants' motion which was to cancel the notice of pendency should have been granted, as the plaintiff asserted only a claim for money, not a right, title, or interest in the property itself (*see Long Is. City Sav. & Loan Assn. v Gottlieb*, 90 AD2d 766 [1982], *mod on other grounds* 58 NY2d 931 [1983] [finding plaintiff forfeited her right to use the notice of pendency when asserting only a monetary claim]).

The Supreme Court should have dismissed the action against Kearns on jurisdictional grounds. It is "axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (*McMullen v Arnone*, 79 AD2d 496, 499 [1981]). As the plaintiff conceded, Kearns was never served with process, and therefore personal jurisdiction was never obtained over him.

The Supreme Court also improperly awarded the plaintiff an attorney's fee. An attorney's fee may not be recovered unless that an award is authorized by agreement between the parties, or by statute or court rule (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]). The agreement at issue here does not include a provision for the plaintiff to recover an attorney's fee in this action (*see generally Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]).

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Spolzino, J.P., Santucci, Leventhal and Belen, JJ., concur. [*See* 17 Misc 3d 1106(A), 2007 NY Slip Op 51855(U).]