■ RONALD I. LeVINE, Respondent-Appellant, v CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Appellant-Respondent. [871 NYS2d 191]—

The plaintiff-landlord and the defendant-tenant were parties to a written lease referable to certain commercial property. After the defendant vacated the premises, the plaintiff commenced this action, inter alia, to recover damages for breach of the lease. The plaintiff alleged that the defendant failed to provide the required 120 days prior written notice of termination, and damaged the leased premises. The plaintiff sought unpaid and additional rent, damages for injury to the leased premises, and the award of an attorney's fee and litigation-related costs and expenses pursuant to the terms of the lease. After a nonjury trial, the Supreme Court found that the defendant had breached the lease and awarded the plaintiff damages for unpaid and additional rent. The court also awarded the plaintiff damages for injury to the leased premises and, in a separate judgment (here-

inafter the money judgment), awarded an attorney's fee pursuant to the terms of the lease. We modify the money judgment to award the plaintiff litigation-related costs and expenses, and remit the matter to the Supreme Court for a determination on the plaintiff's application for an award of an additional attorney's fee in connection with the appeal and the cross appeal.

Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses (*see Candela v Byron Chem. Co., Inc.*, 54 AD3d 306 [2008]). Here, the Supreme Court properly found that the plaintiff's unilateral and unsuccessful effort to negotiate a rent increase did not constitute an anticipatory breach of the lease (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462-463 [1998]; *Coney Is. Exhaust v Mobil Oil Corp.*, 304 AD2d 706 [2003]; *D'Abreau v Smith*, 240 AD2d 616 [1997]; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262 [1995]). Thus, the defendant remained bound by the terms of the agreement, including the requirement that it provide 120 days prior written notice of termination. This requirement was not satisfied by the defendant's letter dated July 1, 2003, which did not express a present intent to terminate the lease, but rather, indicated that a notice of termination would be provided when alternative premises were obtained. The defendant did not otherwise provide a timely notice of termination. Thus, the Supreme Court properly found that the defendant breached the parties' agreement, and awarded the plaintiff damages for unpaid and additional rent. Further, we find no error in the amount awarded.

Contrary to the defendant's contention on appeal, the plaintiff properly was found to be the "prevailing party" in the litigation, and properly was awarded an attorney's fee pursuant to the terms of the lease (*see Nestor v McDowell*, 81 NY2d 410 [1993]; *Siamos v 36-02 35th Ave. Dev., LLC*, 54 AD3d 842 [2008]; *see also 207-17 W. 25th St. Co. v Blu-Strike Safety Razor Blade Co.*, 302 NY 624 [1951]; *Singh v Atakhanian*, 31 AD3d 425 [2006]). That the plaintiff was awarded substantially less than he requested as damages for injury to the leased premises, which was the central relief sought, and that the testimony of his expert concerning the same was largely rejected by the court, has been considered in reviewing and determining the reasonableness of the amount of the award. Upon review, we find the amount of the attorney's fee awarded to be reasonable (*see*

*Miller Realty Assoc. v Amendola,* 51 AD3d 987, 989 [2008]; *RAD Ventures Corp. v Artukmac,* 31 AD3d 412 [2006]). However, the Supreme Court erred in failing to award the plaintiff litigation-related costs and expenses pursuant to the terms of the lease (*see 207-17 W. 25th St. Co. v Blu-Strike Safety Razor Blade Co.,* 302 NY 624 [1951]; *Singh v Atakhanian,* 31 AD3d 425 [2006]; *Chatanow Assoc. v 527 MDN Prop.,* 161 AD2d 258 [1990]; *379 Madison Ave., Inc. v Stuyvesant Co.,* 242 App Div 567 [1934], *affd* 268 NY 576 [1935]). These expenses included, inter alia, the cost of transcripts, expert witness fees, and various filing fees. Upon review of the record, we find an award for such costs and expenses in the sum of $4,800 to be reasonable. Finally, the plaintiff's application for an award of an additional attorney's fee in connection with the appeal and the cross appeal must be remitted to the Supreme Court, Rockland County, for determination and the entry of an appropriate amended money judgment.

The parties' remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.