OPINION OF THE COURT
Charles J. Markey, J.
*457 This case poses an interesting question in the interpretation of a construction contract, when the failure to finish by a designated date is caused by the alleged interference or intervention of a governmental agency.
Defendant 111-38 Management Corp. (seller) owns the property commonly known as 38-05 111th Street, Corona, New York (premises). On January 16, 2007, the seller and plaintiffs’ predecessors entered into a contract of sale whereby plaintiffs’ predecessors would acquire from seller the premises, for the purchase price of $855,000. On the same day, defendant Thomas Huang, vice-president of seller 111-38 Management Corp., executed a personal guarantee whereby he would guarantee the refund of all down payments made in the event of seller’s failure to perform under the contract, said down payment totaling $171,000. Under the contract of sale, seller agreed to construct a legal three-family home by January 15, 2008. Plaintiffs’ predecessors had the right, pursuant to paragraph 6, to cancel the contract and to seek refund of their down payment in the event of seller’s failure to complete the premises by the above date.
On October 9, 2007, plaintiffs’ predecessors assigned all of their rights and interests in the contract to plaintiffs. Plaintiffs allege that defendants have failed to complete construction as per the terms of the contract, and that, despite having demanded a return of the down payment, defendants have failed to do so. As a result, plaintiffs brought suit to foreclose their vendee’s lien on the premises and for a money judgment in the amount of $171,000 (representing the down payment), together with interest dating from January 16, 2007 (the contract date).
Upon the foregoing papers, the plaintiffs have moved for summary judgment. Defendants have cross-moved for cancellation of the notice of pendency. The plaintiffs have met their prima facie burden of establishing their entitlement to judgment as a matter of law, while defendants fail to raise an issue of fact in opposition. Paragraph 6 of the contract of sale unequivocally gives plaintiffs the right to cancel the contract and seek return of their down payment if the premises were not “constructed and completed in accordance with plans and specifications” by January 15, 2008. Pursuant to a letter dated September 3, 2008, plaintiffs sought to exercise that right.
In opposition, the defendants do not contest that they were unable to construct the premises by the requisite date. Rather, they assert, inter alia, that performance was impossible because *458 the New York City Department of Buildings issued a stop work order on the premises without defendants’ fault. Even if this court were to accept this as true, it does not affect plaintiffs’ rights under paragraph 6 to the contract, as there were no conditions attached to the completion date. Moreover, defendants’ implicit reference to paragraph 18 to the contract is unavailing. Paragraph 18 reads:
“The Seller assumes no responsibility for failure to meet the ‘on or about’ closing date due to . . . government agency requirements ... In the event of such delay, a closing date shall be automatically extended to reflect the time delayed due to the above-mentioned matter[ ], and the closing shall take place within 30 days following the issuance of a permanent Certificate of Occupancy.”
The aforementioned paragraph places no condition on or exception to defendants’ agreement to construct and complete the premises by January 15; rather, delays caused by government agency requirements only affect defendants’ obligation to meet the closing date. The parties’ contract of sale makes a clear distinction between completion/construction and closing; defendants cannot muddle the two scenarios in order to achieve a different result other than the return of plaintiffs’ down payment. Therefore, plaintiffs are entitled to a money judgment in the amount of $171,000, together with prejudgment interest accrued thereon, said interest to be calculated from September 3, 2008, the date of plaintiffs’ initial demand (CPLR 5001 [a], [b]; see generally Saratoga Spa & Bath v Beeche Sys. Corp., 230 AD2d 326 [3d Dept 1997], lv dismissed and denied 90 NY2d 979 [1997]; Nikolis v Reznick, 214 AD2d 658 [2d Dept 1995]; Partrick v Guarniere, 204 AD2d 702 [2d Dept 1994], lv denied 84 NY2d 810 [1994]).
With respect to plaintiffs’ request for attorneys’ fees, the well-settled rule is that such fees, which are incurred in prosecuting an action, are an incident of litigation and are not recoverable unless authorized by statute, court rule, or written agreement of the parties (see Chapel v Mitchell, 84 NY2d 345, 348-349 [1994]; Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; Siamos v 36-02 35th Ave. Dev., LLC, 54 AD3d 842 [2d Dept 2008]; Gray v Hilltop Vil. Co-op. # Three, Inc., 50 AD3d 739 [2d Dept 2008]; Adams v Washington Group, LLC, 49 AD3d 786 [2d Dept 2008]).
The portion of the contract on which plaintiffs rely to seek the return of their down payment does not provide for such an *459 award; moreover, the agreement as a whole does not expressly include such a provision (see e.g. Khanal v Sheldon, 55 AD3d 684 [2d Dept 2008], lv denied 12 NY3d 714 [2009]; Culinary Connection Holdings v Culinary Connection of Great Neck, 1 AD3d 558 [2d Dept 2003], lv denied 3 NY3d 601 [2004]; cf. Luis Lopez & Son’s, Inc. v Dannie’s Auto Care, 61 AD3d 643 [2d Dept 2009]). As such, plaintiffs are not entitled to attorneys’ fees in this instance.
Defendants, on their cross motion, seek cancellation of the notice of pendency on the premises. While defendants are correct in asserting that they would normally be entitled to such cancellation of a lis pendens where a plaintiff seeks exclusively money damages, as such a remedy does not assert a claim for a right, title, or interest in property (see e.g. CPLR 6501; Khanal v Sheldon, supra, 55 AD3d 684 [2008]; Homespring, LLC v Hyung Young Lee, 55 AD3d 541 [2d Dept 2008]; Weidel v Kaba Realty, LLC, 36 AD3d 796 [2d Dept 2007]; Ali v Ahmad, 24 AD3d 475 [2d Dept 2005]; Distinctive Custom Homes Bldg. Corp. v Esteves, 12 AD3d 559 [2d Dept 2004]), plaintiffs’ first cause of action seeks to foreclose a vendee’s lien. As such, defendants are not entitled to cancel the notice of pendency (see Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp., 269 NY 56 [1935]; Tilden Dev. Corp. v Nicaj, 49 AD3d 629 [2d Dept 2008]; Wilson v Power House Dev. Corp., 12 AD3d 505 [2d Dept 2004]; Macho Assets v Spring Corp., 128 AD2d 680 [2d Dept 1987], lv denied 69 NY2d 609 [1987]).
Accordingly, defendants’ cross motion to cancel the notice of pendency is denied, as is that branch of plaintiffs’ motion for attorneys’ fees. The branch of plaintiffs’ motion for summary judgment is, however, granted.
The Clerk of the Court is directed to enter judgment in favor of plaintiffs against defendants in the amount of $171,000, together with interest accrued thereon, said interest to be calculated from September 3, 2008.