■ CHRISTOPHER JONES, Appellant, v HILL'S HEATING & AIR CONDITIONING, INC., Respondent. [890 NYS2d 239]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered February 13, 2009 in a breach of contract action. The order denied plaintiff's motion seeking an award of attorney's fees.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order denying his motion seeking an award of attorney's fees. We affirm. Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged breach of a contract pursuant to which defendant was to install heating and air conditioning equipment in plaintiff's residence. Although the contract is not included in the record on appeal, we note that Supreme Court's decision indicates that the contract contains a clause providing that attorney's fees in a certain amount would be added to the balance owed under the contract in the event that the unpaid balance was referred to an attorney for collection. Following a nonjury trial, the court, inter alia, dismissed the claim for breach of contract but awarded plaintiff damages in the amount of $1,500 on plaintiff's claim for breach of implied warranty.

"[T]he general rule is that each litigant is required to absorb the cost of his [or her] own attorney's fees . . . in the absence of a contractual or statutory liability" (*Widewaters Prop. Dev. Co., Inc. v Katz*, 38 AD3d 1220, 1222 [2007] [internal quotation marks omitted]). Plaintiff contends, however, that he is entitled to an award of attorney's fees on the breach of implied warranty claim pursuant to General Obligations Law § 5-327 (2), which provides in relevant part that, when a consumer contract states that the seller may recover attorney's fees incurred as the result of the breach of any contractual obligation by the buyer, "it shall be implied that the . . . seller . . . shall pay the [buyer's] attorney's fees . . . incurred as the result of a breach of any contractual obligation" by the seller. Here, we conclude that the statute is inapplicable because plaintiff was awarded damages only on its claim for breach of implied warranty, which is distinct from plaintiff's claim for breach of contract (*see generally Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1391 [2008]; *Furia v Furia*, 116 AD2d 694, 695 [1986]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.