21/23 Ave. B Realty LLC v 21&23 Ave B, LLC (2021 NY Slip Op 00787)





21/23 Ave. B Realty LLC v 21&23 Ave B, LLC


2021 NY Slip Op 00787


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 154991/18 595510/18 158161/18 Appeal No. 13088 Case No. 2020-02526 2020-02528 

[*1]21/23 Avenue B Realty LLC, Plaintiff-Respondent-Appellant, Ave B SM TIC1 LLC, et al., Plaintiffs,
v
21&23 Ave B, LLC, et al., Defendants, Brian Ursino, Defendant-Appellant-Respondent.
Brian Ursino, Third-Party Plaintiff- Appellant-Respondent,
v
Icon Ventures LLC, Third-Party Defendant- Respondent-Appellant.
Brian Ursino, Plaintiff-Appellant-Respondent,
v
21/23 Avenue B Realty LLC, Defendant-Respondent-Appellant, Ave B SM TIC1 LLC, et al., Defendants.


Russ & Russ, P.C., Massapequa (Jay Edmond Russ of counsel), for appellant-respondent.
Cervini Swanson LLP, New York (Scott L. Swanson and Joseph P. Cervini, Jr. of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about February 20, 2020, which, to the extent appealed from, denied defendant/third-party plaintiff Brian Ursino's motions for summary judgment dismissing the thirteenth and fourteenth causes of action in the amended complaint and to dismiss, pursuant to CPLR 3211, third-party defendant's fourth through eleventh and fourteenth and fifteenth third-party counterclaims, and granted plaintiffs 21/23 Avenue B Realty LLC, Ave B TIC1 LLC, and Ave B TIC2 LLC's motion to cancel the notice of pendency, unanimously modified, on the law, to grant Ursino's motion as to the fourteenth cause of action, alleging breach of fiduciary duty, without prejudice, and otherwise affirmed, without costs.
This action involves disputes over the sale of a property located at 21-23 Avenue B in Manhattan (the property), which was owned by defendant 21&23 Ave B, LLC (Seller). In November 2016, Seller agreed to sell the property to Ursino, who then entered into an agreement with third-party defendant Icon Ventures LLC to form an entity to purchase that property and another property on Avenue C. In exchange for the letter of intent, Ursino would become a member of the new entity, ultimately plaintiff 21/23 Avenue B Realty LLC (Buyer). In September 2018, during the course of litigation, the closing was held, and the property was transferred to Buyer. Ursino, who had purported to terminate the 2016 agreement and exercise a right to buy the property in his own name or in Buyer's name, re-filed a notice of claim against the property.
Ursino failed to demonstrate that the thirteenth cause of action, which seeks a declaration that he does not have the right to purchase the property on his own in the name of Buyer, should be dismissed as academic. While he now seems to acknowledge that "he cannot purchase the Avenue B parcel from the seller/contract-vendor," he did not do so before the motion court, and in addition he continues to assert rights to acquire the property in Buyer's name under the 2016 agreement. Thus, a justiciable controversy remains (CPLR 3001).
The fourteenth cause of action, which alleges breach of fiduciary duty, should be dismissed, because, although plaintiffs and Ursino each assert that the other owes a fiduciary duty, plaintiffs failed to establish the parties' respective fiduciary obligations (see PF2 Sec. Evaluations, Inc. v Fillebeen, 171 AD3d 551, 553 [1st Dept 2019]). Their submissions lack specificity as to the source of the duty; they rely on, at most, the unsigned "model" operating agreement. However, the dismissal is without prejudice to reasserting the claim as discovery warrants (see East Coast Petroleum Co. v Bank of New York Trust Co. [Cayman], 11 AD3d 299, 300 [1st Dept 2004]).
Icon's counterclaims are adequately pleaded as individual rather than derivative claims, since they allege harms suffered by Icon individually, and any benefit derived from the litigation would go [*2]to Icon, not to Buyer (Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]).
The court correctly declined to dismiss Icon's fourth through eleventh counterclaims arising from the right of first offer contained in the disputed 2017 amendment to the agreement between it and Ursino, since Ursino failed to demonstrate through documentary evidence that his handwritten modification was a material term that precluded a meeting of the minds (see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658 [2d Dept 2019]).
The court correctly declined to dismiss Icon's counterclaim for unjust enrichment pertaining to consideration Ursino obtained under the 2016 agreement, since that agreement is disputed (see Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220 [2d Dept 2008]).
The motion court properly cancelled Ursino's notice of pendency. Although Ursino commenced a second action asserting a claim to impose a constructive trust, the claim does not relate directly to an interest in real property but relates rather to his rights in the owner entity (see Piccirillo v Ravenal, 161 AD2d 253, 254 [1st Dept 1990], lv dismissed 76 NY2d 935 [1990]; General Prop. Corp. v Diamond, 29 AD2d 173, 175 [1st Dept 1968]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021