◼ JAMES E. WILLIAMS et al., Respondents v RICHARD ROGERS, Appellant, and MT. VIEW WELDING SERVICE, INC., et al., Respondents. U. S. CABLEVISION CORPORATION, Respondent, v MOUNTAIN VIEW WELDING & FABRICATING COMPANY, INC., Respondent, and RICHARD ROGERS, Appellant. — In consolidated·negligence actions, one to recover damages for personal injuries, etc., the other to recover damages for injury to property, defendant Rogers appeals from an order of the Supreme Court, dated July 12, 1980 and entered in Dutchess County, which denied his motion for summary judgment. Order affirmed, without costs or disbursements. The demonstrated existence of triable issues of fact regarding the reliability of the moving defendant renders the denial of his motion for summary judgment justified. Rabin, J. P., Gulotta, Weinstein and Thompson, JJ., concur.

◼ H. DAVID WILT, Respondent, v LAWRENCE KEITH, Appellant. — In an action to foreclose a mechanic's lien, the defendant appeals from a judgment of the Supreme Court, Suffolk County, entered April 15, 1980 after a nonjury trial, which (1) declared plaintiff's mechanic's lien to be a valid lien upon defendant's real property in the sum of $3,635.09, (2) directed a sale of the property if defendant did not pay such sum within a specified time, and (3) dismissed defendant's counterclaim for lost rental income. Judgment modified, on the law and the facts, by deleting therefrom the paragraphs numbered 1, 3, 4, 5, 6 and 7 and substituting therefor a provision dismissing the complaint. As so modified, judgment affirmed, without costs or disbursements. The plaintiff filed a notice of mechanic's lien in which he stated that the defendant had failed to pay him $4,735.09 as the agreed price and value of material furnished in connection with remodeling defendant's home. Plaintiff made no claim for labor performed. At the trial the plaintiff was unable to specify, item by item, the unpaid materials constituting the $4,735.09 claimed. He testified that he could not do so unless he read all the bills, which were never offered in evidence. Plaintiff had previously given defendant a rough estimate of the cost of the work to be done, and defendant had ordered certain extra work and changes. When plaintiff was asked how much the flooring that defendant had selected added to the cost of the work that he was doing for him, plaintiff replied, "I would think roughly another couple of thousand dollars." He also testified that the cost of installing the floor tile selected by defendant was "just about $1600" and that the plywood subflooring cost "Perhaps $500 or $600." Proof of this sort is insufficient to support a judgment for plaintiff, particularly since the record shows that he had bills in his possession but made no attempt either to produce them at the trial or to explain his failure to do so. The defendant's counterclaim was properly dismissed since he failed to establish that plaintiff had guaranteed that the work would be completed by any specified date. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.