■ In the Matter of EVERETT FORMAN et al., Appellants, v PALA CONSTRUCTION COMPANY, INC., Respondent.—Casey, J.

In October 1983, respondent contracted with petitioners to construct a medical office building in the Town of Clifton

Park, Saratoga County, for the contract price of $265,000, described as a "lump sum bid". The contract contained the following clause: "Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate."

During construction the parties orally agreed on many extras and alterations. In July 1984, the building was substantially completed. However, due to confusion about the amount then due, respondent wrote a letter, dated August 9, 1984, which indicated that petitioners, as of July 5, 1984, had paid a total of $256,362 toward the original contract price of $265,000 and that $8,638 was still due and owing. The letter further indicated an aggregate amount of $40,725 accumulated because of "extras" and that petitioners were entitled to a credit thereon of $15,950. Thus the letter claimed a total due and owing respondent of $33,413 on the written and oral contracts. The letter concluded by a request for full payment and ended with an admonition that "if any other action is necessary beyond this letter then we would certainly claim all additional work that was done contrary to our original proposal". Petitioners paid $5,000 on August 15, 1984 and $5,000 on September 25, 1984. Before its receipt of the second of these two checks, respondent filed a notice of mechanic's lien pursuant to Lien Law article 2. In order to comply with Lien Law § 9 (4) respondent's notice of lien stated the agreed price to be $265,000 and the amount deemed to be due and owing as $59,007. Action was then commenced to foreclose the lien. The itemization of the mechanic's lien differed from the amounts of the letter dated August 9, 1984, as follows:

| | |
|---|---|
| Extras from letter | $ 40,725 |
| Additional work | 30,594 |
| Contract Price | 265,000 |
| | $336,319 |
| Minus payments received | − 266,362 |
| Minus credit | − 15,950 |
| TOTAL DUE | $ 54,007 |

In October 1985, respondent applied to Special Term to amend its lien under Lien Law § 12-a to reflect the second payment of $5,000 and to reduce its noticed demand from $59,007 to $54,007. Petitioners applied to the court for discharge of the lien because they had fully paid the original contract price of $265,000, which respondent's letter of August 9, 1984 admitted. They further noted the commencement of a

separate action by respondent in Rensselaer County for breach of contract and unjust enrichment.

Special Term ordered the amendment requested by respondent and denied petitioners' application for summary discharge. We agree. The facts outlined above indicate substantial compliance by respondent with the pertinent provisions of the Lien Law (§ 19 [6]; § 9 [4], [5]). A notice of lien may include amounts due from both written contracts and from change orders for extras depending on whether the owner of the property sought to be liened has given his consent for the extra work (Lien Law § 3; *Harner v Schecter,* 105 AD2d 932). While respondent's notice of lien failed to state the agreed price for both the written contract and the oral change orders, the notice apprised other interested persons of the extensive work performed and that an amount derived from both the written contract and the oral change orders was due, and this constitutes substantial compliance. The order of Special Term should be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.