# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1255**
**CA 12-00242**
PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND WHALEN, JJ.

---

TY ELECTRIC CORPORATION, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAYMOND DELMONTE, DEFENDANT-APPELLANT.

---

MICHAEL J. CROSBY, HONEOYE FALLS, FOR DEFENDANT-APPELLANT.

GATES & ADAMS, P.C., ROCHESTER (MAX G. KINSKY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered November 16, 2011. The order affirmed an order of the Rochester City Court (Ellen M. Yacknin, J.), entered May 26, 2011 awarding money damages to plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an electrical contractor, commenced this action in City Court to recover the sum due on unpaid bills in connection with work performed at defendant's home. On a theory of quantum meruit, City Court awarded plaintiff $7,681.98 plus disbursements, statutory costs, and statutory interest. Defendant appealed to County Court, which affirmed the order of City Court.

Defendant contends that City Court did not have subject matter jurisdiction pursuant to UCCA 202 because quantum meruit is an equitable doctrine. Under the circumstances of this case, we reject that contention. "Generally, the determinant as to whether a claim is at law or at equity is the nature of the relief which, under the facts alleged, could fairly compensate the party bringing the claim . . . If money damages alone could achieve that end, the action is generally at law" (*Hudson View II Assoc. v Gooden*, 222 AD2d 163, 168). In this case, plaintiff sought only money damages on the theory of quantum meruit, as compensation for the work performed. Thus, we conclude that City Court had subject matter jurisdiction. Contrary to defendant's further contention, plaintiff met its burden of establishing the reasonable value of its services (*see Crane-Hogan Structural Sys., Inc. v State of New York*, 88 AD3d 1258, 1260). "In construction contract cases, '[t]he customary method of calculating damages on a [quantum meruit] basis . . . is actual job costs plus an allowance for overhead and profits minus amounts paid' " (*id.*, quoting *Najjar Indus. v City of New York*, 87 AD2d 329, 331-332, *affd* 68 NY2d

943; *see Whitmyer Bros. v State of New York*, 47 NY2d 960, 962), and plaintiff established that amount.