Upon review of a determination rendered after a nonjury trial, this Court’s authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the *830 trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
As the plaintiff correctly concedes, the Supreme Court properly found that there was no meeting of the minds with respect to the material terms of his alleged oral agreement with the defendants. Thus, the alleged contract was unenforceable (see Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d 699, 700 [2004]). Accordingly, the Supreme Court properly dismissed the cause of action to recover damages for breach of contract. Further, since the plaintiff failed to prove the existence of an enforceable contract, he was not entitled to the return of money he gave to the defendants as part of the alleged agreement.
The Supreme Court properly denied the plaintiffs motion, in effect, to conform the pleadings to the proof by adding a cause of action to recover damages for unjust enrichment. Granting the amendment would have prejudiced the defendants (see Countrywide Funding Corp. v Reynolds, 41 AD3d 524, 525 [2007]; Voyticky v Duffy, 19 AD3d 685, 685 [2005]).
The plaintiffs remaining contention is without merit. Dillon, J.P, Dickerson, Austin and Sgroi, JJ., concur.