■ DHE HOMES, LTD., Respondent, v ALAN JAMNIK et al., Appellant. [994 NYS2d 349]—

In an action, inter alia, to foreclose a mechanic's lien, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Diamond, J.), dated March 23, 2012, which, among other things, after a nonjury trial, and upon a determination that the plaintiff had a valid and existing mechanic's lien in the principal sum of $75,400, appointed a referee to ascertain and compute the total amount due on the mechanic's lien, and (2) a judgment of foreclosure and sale of the same court entered September 25, 2012, which, inter alia, upon the report of the referee, awarded the plaintiff the principal sum of $75,400 on the mechanic's lien and directed the sale of the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is modified, on the facts, by reducing the principal sum awarded to the plaintiff on the mechanic's lien from the sum of $75,400 to the sum of $40,504; as so modified, the judgment of foreclosure and sale is affirmed, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment of foreclosure and sale; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant Alan Jamnik (hereinafter Jamnik) entered into a construction contract with the plaintiff for the demolition of an existing house on certain real property and the construction of a new house on that property. After disputes arose regarding the project, the plaintiff filed a notice of mechanic's lien and commenced this action, inter alia, to foreclose the lien. In an itemized statement, the plaintiff contended that it was owed sums for the balance on the contract, for certain specified additional items, and for additional costs resulting from delays. After a nonjury trial, the Supreme Court determined that the plaintiff had a valid and existing mechanic's lien in the principal

sum of $75,400 and entered a judgment of foreclosure and sale in favor of the plaintiff and against Jamnik and his wife, the defendant Rochelle Jamnik.

"Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Otto v Dureja*, 113 AD3d 829, 829-830 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Lien Law § 3 provides that a contractor who performs labor or furnishes materials for the improvement of real property with the consent, or at the request of, the owner "shall have a lien for the principal and interest, of the value, or the agreed price, of such labor, including benefits and wage supplements due or payable for the benefit of any laborer, or materials upon the real property improved or to be improved and upon such improvement." The lienor must establish the amount of the outstanding debt by submitting proof of either the price of its contract or the value of the labor and materials supplied (*see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 112 AD3d 171, 175 [2013]). The amount of the lien is limited by the contract under which it is claimed, and ordinarily a lienor should be bound by the price term contained in a contract to which it is a party (*see id.*).

A lienor may seek amounts due from both written contracts and from change orders for extras, depending on whether the owner gave his consent for the extra work (*see Care Sys. v Laramee*, 155 AD2d 770, 771 [1989]; *Matter of Forman v Pala Constr. Co.*, 124 AD2d 453, 455 [1986]). A provision in a construction contract which requires a written order for any alteration or extra work is generally valid and binding upon the parties, in the absence of a waiver, modification, or abrogation thereof (*see Universal/MMEC, Ltd. v Dormitory Auth. of State of N.Y.*, 50 AD3d 352 [2008]; *G. Rama Constr. Enters., Inc. v 80-82 Guernsey St. Assoc., LLC*, 43 AD3d 863, 866 [2007]; *Tridee Assoc. v New York City School Constr. Auth.*, 292 AD2d 444, 445 [2002]; *Martin Iron & Constr. Corp. v Howell Co.*, 242 AD2d 608, 609 [1997]). Such a provision requiring written authorization for extra work may be modified or eliminated by oral directions or the general course of conduct between the parties (*see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493 [2010]).

Here, the contract provided that no changes in plans or speci-

fications for the project could be made unless such changes were agreed upon in writing and signed by both parties, and that any changes in the project ordered by the owner would result in an adjustment to the contract price and time of completion and had to be authorized by a written change order signed by both the owner and the builder. The evidence presented at trial established that, during the course of the project, the parties agreed to over 50 written change orders, of which almost all the sums owed thereon were paid, despite the fact those written change orders were not signed. Accordingly, the plaintiff established that Jamnik waived any claim that the written change orders needed to be signed to be valid. However, the evidence failed to establish a course of conduct that eliminated the contract provision requiring change orders to be in writing. Thus, the Supreme Court overstated the principal sum due on the lien by including amounts allegedly due for change order work performed in the absence of any writing.

In addition, the Supreme Court improperly awarded the plaintiff an additional amount for general costs resulting from delays. While the court properly found that the plaintiff was not entitled to any credit for increased material and carpentry labor costs allegedly caused by delays, it erred in awarding the plaintiff $16,200 for increased general costs related to those delays. Moreover, the court made computational errors and, in amending its original determination, improperly awarded the plaintiff an additional $3,500 by rescinding a certain credit to the defendants in that amount. In reality, that credit was never awarded to the defendants and deducted from the sum due on the lien in the original determination.

The evidence supported a finding that the plaintiff had a valid and existing mechanic's lien in the principal sum of $40,504.

The parties' remaining contentions are without merit.

Accordingly, we modify the judgment of foreclosure and sale by reducing the principal sum awarded to the plaintiff on the mechanic's lien from the sum of $75,400 to the sum of $40,504, and remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment of foreclosure and sale. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.