PETER DiSARIO, Doing Business as RPM PAINTING, Appellant-Respondent, v EARLE RYNSTON, Also Known as EARLE S. RYNSTON, et al., Respondents-Appellants. [30 NYS3d 129]—

In an action to foreclose a mechanic's lien, the plaintiff appeals, as limited by his brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Suffolk County (Molia, J.), dated March 11, 2014, as, upon a decision of the same court dated January 15, 2014, made after a nonjury trial, is in favor of him and against the defendants in the principal sum of only $7,000, and the defendants cross-appeal, as limited by their brief, from so much of the same judgment as is in favor of the plaintiff and against them in the principal sum of $7,000 and, in effect, dismissed their counterclaims, inter alia, to recover damages for breach of contract.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding the plaintiff the principal sum of $7,000, and substituting therefor a provision dismissing the cause of action to foreclose on a mechanic's lien; as so modified, the judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the appeal is dismissed as academic, without costs or disbursements, in light of our determination on the cross appeal.

The defendants hired the plaintiff to remodel their house by enlarging the kitchen into a space previously occupied by storage and garbage areas, remodeling the master bathroom, and painting the master bedroom. The parties did not enter into a written contract, but agreed that the plaintiff would do the job for a flat fee of $48,000.

During the course of the job, the plaintiff discovered, inter alia, a structural post which required alterations to the kitchen plans, and an infestation of carpenter ants in the kitchen ceiling. With the defendants' consent, the plaintiff performed various extra tasks associated with these and other matters that arose during the course of the job. The defendants tendered, and the plaintiff accepted, a progress payment of $15,000.

The defendants became dissatisfied with the plaintiff's progress and terminated his work. The plaintiff then demanded

payment in the sum of $27,000, which the defendants declined to pay. The plaintiff filed a mechanic's lien against the property for the sum of $27,000 and, thereafter, commenced this action to foreclose the lien. The defendants counterclaimed, inter alia, to recover damages for breach of contract. After a nonjury trial, the Supreme Court, in effect, dismissed the defendants' counterclaims. The court found that the plaintiff had not demonstrated his right to recover for contracted work, but awarded him $7,000 for extra work. The plaintiff appeals, arguing, inter alia, that the court erred in awarding him only $7,000. The defendants cross-appeal, arguing that the court erred in awarding the plaintiff any sum for the extra work and in dismissing their counterclaims.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial justice had the advantage of seeing the witnesses" (*Johnson v Robertson*, 131 AD3d 670, 671 [2015], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DHE Homes, Ltd. v Jamnik*, 121 AD3d 744, 745 [2014]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *affd* 19 NY3d 223 [2012]).

Pursuant to Lien Law § 3, a contractor who performs labor or furnishes materials for the improvement of real property with the consent, or at the request of, the owner "shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved and upon such improvement." "A lienor may seek amounts due from both written contracts and from change orders for extras, depending on whether the owner gave his consent for the extra work" (*DHE Homes, Ltd. v Jamnik*, 121 AD3d at 745; *see Care Sys. v Laramee*, 155 AD2d 770, 771 [1989]; *Matter of Forman v Pala Constr. Co.*, 124 AD2d 453, 455 [1986]). The lienor's right to recover is limited by the contract price or the reasonable value of the labor and materials provided (*see DHE Homes, Ltd. v Jamnik*, 121 AD3d at 745; *Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 112 AD3d 171, 176 [2013]). The lienor has the burden of establishing the amount of the outstanding debt by proffering proof either of the price of the contract or the value of labor and materials supplied (*see DHE Homes, Ltd. v Jamnik*, 121 AD3d at 745; *see also Bryan's Quality Plus, LLC v Dorime*, 112 AD3d

870 [2013]; *Ruckle & Guarino, Inc. v Hangan*, 49 AD3d 267 [2008]).

Here, the plaintiff's testimony and documentary evidence were adequate to establish both the existence of an oral contract for renovation of the defendants' property and the defendants' agreement to change orders for extra work. However, the plaintiff failed to offer bills, invoices, receipts, time sheets, checks, or any other evidence which would establish the cost of materials, work done by subcontractors, or the number of hours he worked on the job and proffered no explanation for his failure to present this evidence. He likewise failed to provide any detailed description of the work performed, the cost of any portion of the work, or the hourly rate at which he valued his labor. Indeed, at trial, the plaintiff admitted that the sum asserted in his lien was only an estimate. Accordingly, the plaintiff failed to establish the validity of his lien (*see Bryan's Quality Plus, LLC v Dorime*, 112 AD3d at 870; *Ruckle & Guarino, Inc. v Hangan*, 49 AD3d at 267; *Wilt v Keith*, 80 AD2d 913 [1981]; compare *Nouveau El. Indus., Inc. v Tracey Towers Hous. Co.*, 95 AD3d 616, 617 [2012]).

Pursuant to CPLR 3025 (c), a trial court may permit the amendment of pleadings before or after judgment to conform them to the evidence "upon such terms as may be just" (CPLR 3025 [c]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]; *715 Ocean Parkway Owners Corp. v Klagsbrun*, 74 AD3d 1314, 1315 [2010]). Such an amendment is permissible " 'even if the amendment substantially alters the theory of recovery' " (*Kimso Apts., LLC v Gandhi*, 24 NY3d at 411, quoting *Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498, 502-503 [1967]). Here, although the complaint sought recovery in the form of foreclosure on his mechanic's lien, at trial, the plaintiff sought to conform the pleadings to the proof and assert a cause of action for recovery in quantum meruit. The Supreme Court granted that motion, and therefore, contrary to the defendants' contention, that theory of recovery was properly before the court.

"The elements of a cause of action sounding in quantum merit are: (1) the performance of services in good faith, (2) the acceptance of services by the person to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered" (*Johnson v Robertson*, 131 AD3d at 672; *see F & M Gen. Contr. v Oncel*, 132 AD3d 946, 948 [2015]; *Crown Constr. Bldrs. & Project Mgrs. Corp. v Chavez*, 130 AD3d 969, 971 [2015]). "In construction contract cases, the customary method of calculating dam-

ages on a quantum meruit basis . . . is actual job costs plus an allowance for overhead and profits minus amounts paid" (*TY Elec. Corp. v DelMonte*, 101 AD3d 1626 [2012] [internal quotation marks and brackets omitted]).

Here, although the plaintiff presented evidence satisfying the first three elements, this cause of action must fail for the same reason that the cause of action to foreclose his mechanic's lien must fail; namely, his failure to present any evidence of the value of the materials supplied or services rendered. Accordingly, this theory also cannot support the Supreme Court's award of $7,000 to the plaintiff (*compare Crown Constr. Bldrs. & Project Mgrs. Corp. v Chavez*, 130 AD3d at 971, *with Johnson v Robertson*, 131 AD3d at 672-673).

In support of their counterclaims seeking damages, inter alia, for breach of contract, the defendants did present some evidence that, after they discharged the plaintiff, they hired a new contractor and purchased replacement tiles, and that another contractor repaired alleged defects in the plaintiff's work. However, like the plaintiff, the defendants failed to proffer adequate evidence to support their counterclaims. First, although the statement from the substitute contractor states the amounts charged to "repair" the plaintiff's deficient work, there is no description of the alleged defects or the repairs performed. Second, neither the testimony presented by the defendants nor the documentary evidence they presented provides any means by which the court could attribute work performed by either the plaintiff or the defendants' substitute contractor to work encompassed by the original contract versus change order extras. Without such evidence, it is impossible to evaluate whether the defendants in fact paid more than $48,000 for the work encompassed by the original contract. Accordingly, the Supreme Court correctly determined that the defendants failed to proffer adequate evidence to support their counterclaims and properly dismissed them on that basis (*see Casandra Props., Inc. v M.S.B. Dev. Co., Inc.*, 79 AD3d 1088, 1090 [2010]; *Gallagher's Stud v Fishman*, 156 AD2d 50, 54-55 [1990]; *Brooklyn & Queens El. Co. v Excel Assoc.*, 115 AD2d 630 [1985]).

In light of the foregoing, we need not reach the parties' remaining contentions. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.