C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp. (2019 NY Slip Op 00089)





C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp.


2019 NY Slip Op 00089


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-04718
 (Index No. 700169/13)

[*1]C.C.C. Renovations, Inc., respondent, 
v
Victoria Towers Development Corp., et al., appellants, et al., defendants.


Michael T. Lamberti, New York, NY, for appellants.
John J. Janiec, New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose mechanic's liens, the defendants Victoria Towers Development Corp. and Westchester Fire Insurance Company appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered April 1, 2016. The order and judgment, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the fifth, sixth, and seventh causes of action in the amended supplemental complaint and directed the defendant Westchester Fire Insurance Company to pay the plaintiff the full amount due under Bonds Discharging Mechanic's Liens numbers K0864570A and K08645711, as amended.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The defendant Victoria Towers Development Corp. (hereinafter Victoria Towers) is the owner, along with the defendant Wu Towers, LLC (hereinafter Wu Towers), of a building located in Queens (hereinafter the property). Victoria Towers contracted with the defendant Blue Diamond Group, LLC (hereinafter Blue Diamond), to act as general contractor to make repairs to the property necessitated by damage sustained in September 2010. The plaintiff entered into four separate subcontract agreements with Blue Diamond to perform roofing, pipe scaffolding, electrical scaffolding, and sidewalk scaffolding work at the property. After the work was performed, some or all of the amounts owed under the four subcontracts went unpaid. On or about November 7, 2011, the plaintiff filed two mechanic's liens against the property, naming Victoria Towers as the owner, and seeking $59,500 for unpaid roofing work and $698,185 for unpaid sidewalk bridging, pipe, and electric scaffolding work. On or about January 18, 2012, Blue Diamond also filed a mechanic's lien against the property, naming both Victoria Towers and Wu Towers as owners, and seeking $5,325,557 for unpaid services, labor, and materials provided at the property. The plaintiff then filed a third mechanic's lien, on or about January 23, 2012, naming both Victoria Towers and Wu Towers as owners. In August 2012, Victoria Towers secured bonds from the defendant Westchester Fire Insurance Company (hereinafter Westchester Fire), as surety, to discharge the plaintiff's roofing mechanic's lien and the plaintiff's piping, electrical, and sidewalk scaffolding mechanic's liens.
Following the commencement of this action, the plaintiff moved, inter alia, for [*2]summary judgment on the fifth, sixth, and seventh causes of action in the amended supplemental complaint, which sought foreclosure of the mechanic's liens filed against the property, and a directive that Westchester Fire pay the full amount due under the bonds to the plaintiff. The Supreme Court granted those branches of the motion, determined that the plaintiff had met its prima facie burden of proving its entitlement to recover on the filed discharge bonds, and found that the defendants' submissions in opposition to the motion failed to raise a triable issue of fact as to whether, inter alia, an adequate lien fund existed at the time the plaintiff's liens were filed. An order and judgment was subsequently issued, which foreclosed the mechanic's liens and directed Westchester Fire to pay the plaintiff the full amount due under the bonds. Victoria Towers and Westchester Fire appeal. We affirm the order and judgment insofar as appealed from.
Lien Law § 3 provides that a contractor who performs labor or furnishes materials for the improvement of real property with the consent, or at the request of, the owner "shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien." "The lienor must establish the amount of the outstanding debt by submitting proof of either the price of its contract or the value of the labor and materials supplied" (DHE Homes, Ltd. v Jamnik, 121 AD3d 744, 745; see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d 171, 175). The amount of the lien is limited by the contract under which it is claimed, and ordinarily a lienor is bound by the price term contained in the contract to which it is a party (see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d at 175).
The lienor's right to recover is further limited by principles of subrogation (see id. at 176; 8-92 Warren's Weed New York Real Property § 92.11[1], [4]). Thus, no individual mechanic's lien can exceed the total amount owed by the owner to the general contractor at the time of the filing of the notice of lien (see Lien Law § 4[1]; Peri Formwork Systems, Inc., v Lumbermens Mut. Cas. Co., 112 AD3d at 176). The subcontractor's right to recover is derivative of the right of the general contractor to recover, and if the general contractor is not owed any amount under its contract with the owner at the time the subcontractor's notice of lien is filed, then the subcontractor may not recover (see Timothy Coffey Nursery/Landscape v Gatz, 304 AD2d 652, 653-654).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its causes of action to foreclose the mechanic's liens it filed through evidence establishing, inter alia, the amounts owed for the services it provided at the property under the relevant subcontracts, and that those amounts did not exceed the amount owed by the owners to the general contractor, Blue Diamond. In opposition, Victoria Towers and Westchester Fire failed to raise a triable issue of fact.
The remaining contention of Victoria Towers and Westchester Fire is without merit (see Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103-104).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court