Bryan's Quality Plus, LLC v Dorime (2020 NY Slip Op 07852)





Bryan's Quality Plus, LLC v Dorime


2020 NY Slip Op 07852


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-13261
 (Index No. 23062/09)

[*1]Bryan's Quality Plus, LLC, appellant,
v
Serge Dorime, et al., respondents, et al., defendants.


Hollander Law Group, PLLC, Great Neck, NY (Michael R. Strauss of counsel), for appellant.
Heitz Legal, P.C., New York, NY (Dana Heitz of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mechanic's lien, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pamela L. Fischer, J.), dated March 21, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated December 31, 2015, made after a nonjury trial, is in favor of the plaintiff and against the defendants Serge Dorime and Edwige Dorime in the principal sum of only $37,075.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff entered into a contract with the defendant Z & J Management, LLC (hereinafter Z & J), to install mini piles on property in Brooklyn owned by the defendants Serge Dorime and Edwige Dorime (hereinafter together the defendants). On February 4, 2009, shortly after the plaintiff commenced the contract work, the Metropolitan Transit Authority (hereinafter the MTA) issued a stop-work order for "no insurance, endangering the public, no aprove[d] drawing, no pre construction survey." The stop-work order was not rescinded until April 1, 2009. At the end of April 2009, the plaintiff sent an invoice to Z & J which included, inter alia, $192,000 for 40 days of "standby" time incurred while the stop-work order was in effect, and $4,500 for the cost of hammer rentals. The invoice was not paid, and the plaintiff filed a mechanic's lien against the premises in the sum of $257,950, which included the sums owed for standby time and the cost of hammer rentals. Thereafter, the plaintiff commenced this action to foreclose the lien. After a nonjury trial, by decision dated December 31, 2015, the Supreme Court found that the plaintiff had demonstrated its right to recover for contracted work totaling $37,075, but not, among other things, for the sums charged for standby time and the cost of hammer rentals. Judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $37,075. The plaintiff appeals.
"'In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial justice ha[s] the advantage of seeing the witnesses'" (DiSario v Rynston, 138 AD3d 672, 673, quoting Johnson v Robertson, 131 AD3d 670, 671 [internal quotation marks omitted]; see Watts v State of New York, 25 AD3d 324). [*2]"Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930).
Lien Law § 3 provides that a "subcontractor" or "materialman" who performs labor or furnishes materials for the improvement of real property "shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials . . . from the time of filing a notice of such lien as prescribed in this chapter." "The amount of the lien is limited by the contract under which it is claimed" (DHE Homes, Ltd. v Jamnik, 121 AD3d 744, 745). "The lienor has the burden of establishing the amount of the outstanding debt by proffering . . . either the price of the contract or the value of labor and material[ ] supplied" (DiSario v Rynston, 138 AD3d at 673).
Based on the evidence presented at trial, we agree with the Supreme Court's determination that the plaintiff was not entitled to foreclose the lien sum of $192,000 for standby time accrued during the time that the stop-work order was in effect, from February 4, 2009, through April 1, 2009. The plaintiff failed to establish that its contract with Z & J provided for payment for standby time under the circumstances presented. We also agree with the court's determination that the plaintiff was not entitled to foreclose the lien sum of $4,500 for the cost of hammer rentals incurred by the plaintiff during the period of time that the plaintiff's own hammer remained on the premises. The contract does not provide for payment of this cost, and the lien law does not permit recovery for the cost of having to rent other equipment because the subcontractor's own equipment is at the job site (see Lien Law § 3).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court