Quality Aggregates, Inc. v Prime Mix Corp. (2025 NY Slip Op 06882)

Quality Aggregates, Inc. v Prime Mix Corp.

2025 NY Slip Op 06882

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04077
 (Index No. 518358/20)

[*1]Quality Aggregates, Inc., respondent, 
vPrime Mix Corp., et al., appellants, et al., defendants.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Manny A. Frade, Adam P. Wald, and Ronald J. Dwyer of counsel), for appellants.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendants Prime Mix Corp., Carl Juliano, and FMC Enterprises, LLC, appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 27, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Prime Mix Corp., Carl Juliano, and FMC Enterprises, LLC, which was for summary judgment dismissing the second cause of action insofar as asserted against the defendant FMC Enterprises, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff alleges that the defendant Prime Mix Corp. (hereinafter Prime) was hired as the contractor for a construction project (hereinafter the project) at certain premises owned by the defendant FMC Enterprises, LLC (hereinafter FMC), and that the plaintiff entered into a subcontract agreement with Prime, with the knowledge and consent of FMC, wherein the plaintiff agreed to supply materials for the project. On August 27, 2020, the plaintiff filed a mechanic's lien against the premises in the sum of $630,084.86, representing an amount allegedly owed to the plaintiff for materials that it supplied for the project, which allegedly were accepted by Prime in furtherance of the project, from August 26, 2019, through March 16, 2020. On September 29, 2020, the plaintiff commenced this action against, among others, Prime, FMC, and the defendant Carl Juliano (hereinafter collectively the defendants), inter alia, to recover damages for unjust enrichment (second cause of action), to foreclose the mechanic's lien (fourth cause of action), and alleging diversion of trust funds pursuant to Lien Law article 3-A (fifth cause of action). Thereafter, the defendants moved, among other things, for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them. The plaintiff opposed the motion. In an order dated February 27, 2023, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
Pursuant to Lien Law § 3, "[a] . . . subcontractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or his [or her] agent . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved" (see Bryan's Quality Plus, LLC v Dorime, 189 AD3d 1335, 1336). "The amount of the lien is limited by the contract under which it is claimed" (id. [internal quotation marks omitted]).
The term "improvement" as defined in Lien Law § 2(4), "includes the demolition, erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement" (Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d 658, 659 [internal quotation marks omitted]). However, "no right of recovery against an interest in real property will lie unless the owner of that property consented to the improvements. While the consent need not be explicit, mere passive acquiescence is not consent. Rather, there must be some affirmative act or course of conduct establishing confirmation" (Sky Materials Corp. v Frog Hollow Indus., Inc., 125 AD3d 751, 752 [citation and internal quotation marks omitted]; see Icdia Corp. v Vissagi, 135 AD3d 820, 822).
"Article 3-A of the Lien Law creates trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction" (Ippolito v TJC Dev., LLC, 83 AD3d 57, 64 [internal quotation marks omitted]; see Aspro Mech. Contr. v Fleet Bank, 1 NY3d 324, 328). "[T]he primary purpose of article 3-A and its predecessors [is] to ensure that those who have directly expended labor and materials to improve real property . . . at the direction of the owner or a general contractor receive payment for the work actually performed" (Ippolito v TJC Dev., LLC, 83 AD3d at 64 [internal quotation marks omitted]; see Aspro Mech. Contr. v Fleet Bank, 1 NY3d at 328).
The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, to foreclose the mechanic's lien, insofar as asserted against them. The defendants' submissions, including, inter alia, their self-serving and conclusory affidavits and uncertified business records from the New York City Department of Buildings, were insufficient to establish, prima facie, that they did not consent to the plaintiff supplying the materials for the project for which payment allegedly remained outstanding and that there was no project for the improvement of the premises during the relevant time period (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 599; BKNY1, Inc. v 132 Capulet Holdings, LLC, 216 AD3d 900, 901-902). The defendants' failure to establish their prima facie entitlement to judgment as a matter of law requires the denial of that branch of their motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For the same reasons, the defendants failed to establish, prima facie, that there was no trust under Lien Law article 3-A to enforce or that the plaintiff was not a trust beneficiary (see id. §§ 70, 71). Therefore, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action, alleging diversion of trust funds pursuant to Lien Law article 3-A, insofar as asserted against them.
The defendants' submissions, including, among other things, their self-serving and conclusory affidavits, failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the second cause of action, to recover damages for unjust enrichment, insofar as asserted against Prime and Juliano (see Mobarak v Mowad, 117 AD3d 998, 1001).
However, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action insofar as asserted against FMC based upon the plaintiff's failure to state a cause of action alleging unjust enrichment against FMC. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to allege that FMC assumed an obligation to pay for the materials that the plaintiff alleged were supplied for the project for the [*2]improvement of the premises (see Sears Ready Mix, Ltd. v Lighthouse Mar., Inc., 127 AD3d 845, 846; Metropolitan Elec. Mfg. Co. v Herbert Constr. Co., 183 AD2d 758, 759; see also Financial Assistance, Inc. v Graham, 191 AD3d 952, 956-957).
The parties' remaining contentions need not be addressed in light of our determination.
BARROS, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court